STATE, use of RANDOLPH J. BOULDIN, Guardian, &c. *vs.* GEORGE H. STEIBEL, CONRAD GUNTHER, and IRA B. CANFIELD.

*Appeal—Practice in the Appellate Court—Suits on Bonds with Collateral conditions are not within the letter or spirit of the Act of 1864, ch. 6.*

No appeal lies from an order striking out a judgment rendered at the same term. But where the order struck out not only the final judgment rendered at that term, but also the judgment by default rendered at the preceding term, an appeal lies, but brings up for review only the action of the Court, in striking out the judgment by default.

Suit was brought upon a guardian's bond, and judgment by default was rendered, under the 5th section of the act of 1864, ch. 6. By the 8th section of this law the plaintiff is not entitled to judgment under either of the three preceding sections unless, at the time of bringing his action, he shall file, with his declaration, an affidavit or affirmation stating the *true amount* that the defendant is indebted to him over and above all discounts, and shall also file the bond, bill of exchange, promissory note, or other writing or account, by which the defendant is so indebted. HELD:

1st. That the same construction must be put upon this language that has been put upon a substantially similar provision of the Attachment Law in section 4, Article 10, of the Code.

2d. That suits upon bonds like the present, with collateral condition, on which sureties are made responsible only for default of their principal in the discharge of official duty, are not within either the letter or spirit of this Act.

APPEAL from the Superior Court of Baltimore City.

This was an action on a guardian's bond, instituted in the name of the State by Randolph J. Bouldin, guardian of Robert Siggs, sometimes called John Watchman, a minor, against the appellees, the former of whom had previously been the guardian of said minor, and as such had, with the other appellees as his sureties, executed the bond sued on. An affidavit of the amount of the plain-

tiff's claim, together with the bond sued on, and a copy of the guardian's account showing the balance claimed to be due by the late guardian, was filed with the declaration. Judgment by default, for want of appearance, was entered for the plaintiff on the 15th of December, 1868. At the following January Term, 1869, on motion of the plaintiff, the judgment by default was extended and made final. During the same term, on motion of the defendant, an order was passed by the Court striking out the judgment by default, and the assessment of damages in extension thereof. From this order the present appeal was taken.

This cause was argued before BARTOL, C. J., STEWART, MILLER and ALVEY, J.

*Randolph J. Bouldin* and *Albert Ritchie,* for the appellant.

An appeal lies in this case. *Greff, et al. vs. Fickey, et al.,* 30 *Md.,* 75 ; *Butterfield vs. Levy,* Recorded in Liber G. E. & J. S. F. No. 1, folio 131 of " Unreported Opinions."

Debt is the proper action where suit is upon a bond with a collateral condition. 1 *Chitty's Pleading,* 108, 109 *and* 110.

The appellant being the party for whose use the suit was instituted, is, in fact, regarded as the real plaintiff, although the State, technically speaking, is so. *Ing & Mills vs. State, use of Lewis & McCoy,* 8 *Md.,* 295.

Suits on public bonds are within the Act of 1864, chap. 6. It includes " every suit where the cause of action is a contract," and if suits on public bonds were not, the defendants should have appeared and made the point. It is too late now. Bringing suit improperly under that Act, would not be "irregularity in obtaining the judgment."

Judgment by default confesses the cause of action, and is conclusive as to the right of recovery. *Green vs. Hamilton,* 16 *Md.,* 329 ; *Mailhouse vs. Inloes,* 18 *Md.,* 328 ; *Heff-*

*ner vs. Lynch*, 21 *Md.*, 552; *Davidson vs. Myers, &c.*, 24 *Md.*, 554; *Evans' Prac.*, 421 *and* 434.

*Isaac D. Jones* (Attorney-General), for the appellees:

The Act of 1864, ch. 6, is to be construed strictly as conferring a special jurisdiction, whose proceedings are specially pointed out, are in derogation of the common law, &c., in analogy to the attachment laws, which it closely resembles. *Shivers vs. Wilson*, 5 *H. & J.*, 130.

The term "contract," in the 6th sec., means a contract to pay a sum of money certain, or a contract containing within. itself the materials for ascertaining the precise amount, as contradistinguished from a *bond* or *contract with a collateral condition;* the sum mentioned in the latter class of contracts being only a *penalty* to secure faithful performance of duty, and not a sum certain, an attachment cannot issue. *State, use of Beall vs. Beall*, 3 *H. & McH.*, 347; *Hepburn's case*, 3 *Bland*, 119; *Code of Pub. Gen'l Laws, Art.* 51, *sec.* 13.

The cause of action to be filed, as in attachment, must be the *original* bond, bill, note, or account, as the evidence of the defendant's indebtedness, showing, at least *prima facie,* "*the true amount* that the defendant is indebted to him over and above all discounts." *Dawson vs. Brown*, 12 *G. & J.*, 60; *Lee & Brewster vs. Tinges*, 7 *Md.*, 229.

MILLER, J., delivered the opinion of the Court.

The motion to dismiss is overruled. No appeal lies from an order striking out a judgment tendered at the same term, but in this case the order struck out not only the final judgment extending the judgment by default, but the latter judgment also which was rendered at the preceding term. In such case an appeal lies, but brings up for review only the action of the Court in striking out the judgment by default.

The suit was instituted upon a guardian's bond, and judgment by default rendered under the 5th section of

the Act of 1864, ch. 6. By the 8th section of this law, the plaintiff is not entitled to judgment under either of the three preceding sections, unless at the time of bringing his action he shall file with his declaration an affidavit or affirmation stating the *true amount* that the defendant is indebted to him over and above all discounts, and shall also file the bond, bill of exchange, promissory note, or other writing or account by which the defendant is so indebted. This provision is substantially the same as that of the attachment law in section 4, Article 10 of the Code. It is not fully settled by the decisions upon what claims an attachment may issue, but where unliquidated damages, resulting from the violation of a contract, are claimed, the general rule is they cannot be secured by attachment unless the *contract itself* affords a certain measure or standard for determining the amount of the damages, because in such case the true amount of indebtedness cannot be averred by the affidavit. *Warwick vs. Chase, Garn. of Le Breton & Co.,* 23 *Md.,* 154; *Goldsborough vs. Orr,* 8 *Wheat.,* 227. Where the claim is upon a bond with *collateral condition* for the faithful performance of official duty, it has been the settled law of this State that no attachment will lie either under the 4th, or 25th sections of Article 10 of the Code. *State, use of Beall vs. Beall,* 3 *H. & McH.,* 347; *Hepburn's case,* 3 *Bland,* 119. In our opinion the same construction must be given to the Act of 1864, ch. 6. Upon a careful consideration of all its provisions, we are fully satisfied that suits upon bonds like the present with collateral condition, on which sureties are made responsible only for default of their principal in discharge of official duty, are not within either the letter or spirit of this Act.

For this, and without considering the other reasons relied on, we affirm the order striking out the judgment by default.

*Order affirmed.*

(Decided 16th June, 1869.)