(Decided 10th March, 1870.)

---

JOSIAH LEE JOHNSTON and HENRY E. JOHNSTON *vs.* R. STOCKETT MATHEWS, Trustee and Garnishee of LOUIS HARRISON.

## *Attachment.*

In an attachment against an absconding partner, for the recovery of a partnership debt, the other member of the firm having been returned "summoned," the assets of the firm cannot be attached and condemned.

APPEAL from the Superior Court of Baltimore City.

The proceedings in this cause were commenced by a writ of summons against Louis Harrison and Samuel K. Davidson, as co-partners, and a writ of attachment against Harrison alone, as an absconding debtor; and a *narr.* was filed at the time of the issuing of the writs, declaring against Harrison and Davidson. The writ of attachment was laid in the hands of R. Stockett Mathews, to whom the defendants, Harrison and Davidson, had executed a deed of trust for the benefit of their creditors. Mathews appeared and pleaded *non assumpsit* for the defendant, and "*nulla bona*" on his own behalf. On these pleas issues were joined.

At the trial of the cause the plaintiffs proved that Harrison and Davidson were co-partners in the hat and cap business,

and were indebted to the plaintiffs to the amount stated in the affidavit for the attachment; that before the institution of the proceedings in attachment, Henry E. Johnston, one of the plaintiffs, had endeavored to find the defendant Harrison, and had sent to his place of business several times, and to his house, but could not find him, and was told that he had gone away. Other evidence was introduced, which it is deemed unnecessary to state. The plaintiffs offered the following prayers ;

1. If the jury find, from the evidence, that before the institution of this suit, the defendants borrowed the money mentioned in the evidence from the plaintiffs, then their verdict will be for the plaintiffs on the first issue joined.

2. If the jury shall believe, from the evidence, that at the time the affidavit on which the attachment in this case was issued, the defendant, Harrison, had absconded, or removed from his place of abode with intent to evade the payment of his just debts, then the attachment was properly issued against him.

3. If the jury shall find that the defendants, at the time of contracting the debt sued on, were co-partners, and so continued to the time of the execution of the deed of trust, and that they were insolvent at the time of executing said deed of trust, and that, at the time of executing said deed of trust, they had in their possession, secretly and without the knowledge of their creditors or of the trustee, a part of the partnership property or money for their own benefit, and that, in executing said deed, they designed that the money or property so retained should not be distributed among or paid to their creditors, or any of them, and that they did so retain such money or other property, and that they intended that their creditors should only receive such part of their property as they surrendered to said trustee, under that deed, then said deed is not *bona fide*, but fraudulent and void ; and if the jury find that there came into the hands of the trustee, before the attachment was laid in his hands, money or other property

belonging to the said firm of L. Harrison, Davidson & Co., which is still in his hands, then the plaintiffs are entitled to recover on their second issue to the extent of their claim, which the jury must find, but not exceeding the amount of partnership assets so found in the hands of the garnishee.

4. That after the jury have, by the evidence, thrown a cloud upon the *bona fides* of the transaction of the deed of trust to Mr. Mathews, offered in evidence, then the plaintiffs are entitled to a verdict, unless the defendants, by testimony on their part, shall establish the *bona fides* of the deed, to the extent they may find due of the debt claimed in this action, from the defendants by the plaintiffs, if any, should they believe that said Harrison absconded or fled from justice or secretly removed from his place of abode with intent to evade the payment of his debts, before the making of the affidavit on which the attachment issued.

5. That the jury may believe from the evidence in the case that at the time the defendants, Davidson & Harrison, made the deed of trust of the 18th of February, 1861, to the garnishee, Mr. Mathews, which is in evidence in the case, that the said Davidson & Harrison intentionally retained from the trustee any cash or property, or other valuable effects, other than they would be allowed to retain under the insolvent laws of the State of Maryland, and that if they intended to do so at the time of the making of said deed, and actually did so, then the said deed is void, and they will find a verdict for the plaintiffs for the amount they may find due from the defendants to the plaintiffs, as claimed in this action, at the time the affidavit for the attachment was made, provided they also believe that said Harrison had absconded or fled from justice, or secretly removed from his place of abode with intent to evade the payments of his debts, before the issue of the attachment in this case.

The garnishee prayed the Court to instruct the jury as follows:

That there is no evidence from which the jury can infer any fraudulent intent on the part of the defendants in the execution of the deed to the garnishee, offered in evidence, if they find the execution thereof.

The Court granted the plaintiffs' first and second prayers, but rejected their third, fourth and fifth, and granted the prayer of the garnishee.

To the refusal of the Court to grant their third, fourth and fifth prayers, and to the granting of the prayer of the garnishee, the plaintiffs excepted, and the judgment being for the garnishee on the second issue, they appealed.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER and ALVEY, J.

*Patrick M'Laughlin* and *Charles Marshall*, for the appellants.

The debt on which the suit was brought was a partnership debt. Although the attachment issued only against one partner, yet, being for a partnership debt, it could be levid on all joint property.

The absconding partner, for the purpose of paying debts, was the owner of *all* the property. *Hinkley on Attachments,* sec. 53 *(new Ed.,)* 74 *(old Ed. ;) Inburch vs. Farrell,* 1 *Black,* 566 ; *Parsons on Partnership,* 350, 351 *and* 352 ; *Tappan vs. Blaisdell,* 5 *N. H.,* 193.

The reason of the rule that forbids the attachment of joint property for a separate debt of one partner, has no application in this case. *Drake on Attachments, sec.* 530.

The reasoning of the Court, in *Berry vs. Harris,* 22 *Md.,* 30, supports this view. The effect of the attachment and condemnation will be to subject partnership property to a partnership debt, and for that purpose a partner has a full interest in the partnership property.

The surviving partner has such a legal estate in the joint assets, that they may be taken for his separate debt. This is

because the law casts the whole legal estate on him, notwithstanding the equities under which he holds it. His estate in the assets cannot be more complete than the estate of either partner therein for payment of joint debts.

*John Henry Keene, Jr.,* and *William A. Fisher,* for the appellees.

The rejected prayers of the plaintiffs were fatally defective in many particulars. The attachment was prosecuted against Harrison alone; and the rights of the attaching creditors, as between him and Davidson, were precisely the same as though the plaintiffs had been the creditors of Harrison alone; but the prayers assume the right of the plaintiffs to condemn the funds of the partnership, in a procedure against Harrison only, to the full amount of the debt, although it was proven that the co-partnership was insolvent. The prayers can only be supported upon the theory, that whenever one member of a firm absconds, a firm creditor may summon the partners remaining, and issue his attachment against the absconding creditor, and withdraw the partnership property from the hands of the remaining partners.

Assuming the deed to be void, Mathews would be the debtor to the firm of L. Harrison, Davidson & Co., for the fund in his hands, and no condemnation could be had under an attachment against one member of the firm. *Berry vs. Harris,* 22 *Md.,* 30.

[The argument as to the character of the deed from Harrison & Davidson, to Mathews, is omitted, as the Court declined to express any opinion thereon.—REP.]

GRASON, J., delivered the opinion of the Court.

Upon this appeal two questions are presented for our consideration; first, whether, in an attachment against one partner for the recovery of a partnership debt, the assets of the firm can be attached and condemned; and, second, whether there was error in the withdrawal, by the Court below, of the question of fraud from the jury.

Johnston *vs.* Mathews, Trustee and Garnishee.

1st. A suit was commenced by the appellants against the firm of L. Harrison, Davidson & Co., and Davidson was returned summoned. Harrison had absconded, and an attachment, as auxillary to the suit, was issued against Louis Harrison alone, and was laid upon the partnership assets only, as appears by the sheriff's return and the schedule thereto annexed. It was earnestly and ingeniously contended, in the argument of the case in this Court, that, as the debt was due by the firm, and as the partnership assets must be first applied to the payment of the partnership debts, the attachment against Harrison was properly laid upon the partnership assets, and that they were liable to condemnation. We cannot concur in this view of the case. One of the partners having been summoned in the suit, which was instituted against all the partners, there was a party in Court, a judgment against whom would have been effective against the whole of the effects and assets of the firm. 1 *Black S. C. Reps.*, 569. This being the case, no attachment would lie against the absconding partner, except for the purpose of attaching and condemning his individual property or credits. There was, therefore, no error in rejecting the third, fourth and fifth prayers of the appellants.

As this view of the case will prevent a recovery of their claim against the partnership, by attachment against the absent partners, it is unnecessary for us to enquire whether the deed of trust, executed by Harrrison & Davidson to the appellee, is fraudulent or not.

*Judgment affirmed.*

(Decided 10th March, 1870.)