(Decided 20th June, 1871.)

---

James H. Cox, Sr., Claimant of Property Attached as of De Witt C. Cary vs. James S. Waters.

*Attachment—Sufficiency of the Account filed by the Attaching creditor.*

An account produced by an attaching creditor and annexed to his affidavit, which stated the indebtedness to be, "to cash loaned him (the debtor) at sundry times on call, $7,500," is a sufficient compliance with Article 10, section 4 of the Code of Public General Laws.

Where the indebtedness is for money loaned at various times, it is not necessary, in order to comply with the provisions of the attachment law, that the account should specify the dates and amounts of the several sums loaned.

APPEAL from the Court of Common Pleas.

This is an appeal from an order of the Court below overruling a motion to quash the attachment issued at the suit of the appellee against the goods, &c., of De Witt C. Cary. The motion to quash was made by a claimant of the property attached under a subsequent attachment.

The cause was argued before BARTOL, C. J., BRENT, GRASON, ALVEY and ROBINSON, J.

*O. F. Bump*, for the appellant.

*N. Rufus Gill*, for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

The motion to quash the attachment in this case, is based upon the alleged reason "that a sufficient voucher or account is not annexed to the affidavit."

The account is as follows:

"BALTIMORE, *June 29th,* 1870.
"DE WITT C. CARY,
"Dr. to JAS. S. WATERS.
"To cash loaned him at sundry times on call, . . $7,500"

No objection is made to the affidavit, it is in due form as prescribed by the Code, Article 10, section 4. That section also requires that "the creditor shall produce the bond, account or other evidences of debt, by which the said debtor is so indebted."

In this case it does not appear that the appellee holds any bond, note or other written evidence of the debt. The presumption is that the liability rests only on the verbal contract of the debtor. No other voucher therefore could be produced, except an account showing the nature and the amount of the alleged indebtedness. That is done here, the account is for cash loaned to the defendant on call, $7,500. If the account had been thus stated it would have been quite unnecessary to specify more particularly the date of the loan; or whether the whole sum was lent at one time, or at different times, making up in the aggregate the sum claimed.

But the whole objection seems to grow out of the statement in the body of the account, that the cash was loaned "at sun-

dry times," and the supposed defect consists in the omission to state the items, specifying the several sums loaned, with the dates thereof.

There has been no adjudication by this Court on this precise point. In general it is sufficient if the account be such as would sustain a declaration in assumpsit. In *Stewart vs. Katz*, 30 *Md.*, 334, 346, the account was for merchandize sold and delivered, and was objected to as "not sufficiently explicit and certain in its items and details.". But this Court held it to be sufficient, as "it was wanting in none of these particulars, and was made out in the mode usually adopted by merchants engaged in extensive business, and was perfectly intelligible."

In a case of that kind where the indebtedness is for goods sold, it seems to us to be necessary, in order to comply with the provisions of the attachment law, that the account produced should state items and details; and that an account simply "for goods bargained and sold at sundry times," and stating merely the aggregate amount of the debt would not be a substantial compliance with the Code, because it would not give to the debtor, or other persons interested any certain notice or information as to the real nature and character of the claim.' But where the demand is for money loaned, the case is very different, it does not embrace elements of quantities and prices; the transaction is more simple and intelligible. If the aggregate is stated, it is not essential to set out in the account the dates and amounts of the several sums loaned; and certainly no objection can be made to the omission to produce written vouchers, or other evidence of the debt, where none exist.

In our judgment the account accompanying the affidavit in this case is sufficient; and the judgment of the Court of Common Pleas overruling the motion to quash the attachment, will therefore be affirmed, and the cause will be remanded.

*Judgment reversed and*
*cause remanded.*

(Decided 20th June, 1870.)