MATTHEW DE ATLEY *vs.* ABRAHAM SENIOR AND EDWARD SENIOR, trading as A. SENIOR & SON.

*Practice in Baltimore City—1864, ch. 6—The Affidavit by Plaintiff—Record.*

On a motion made by the defendant at the same term to strike out a judgment extended on a judgment by default in a Court of Baltimore City, for surprise and irregularity, it appeared that the affidavit required by the Act of 1864, ch. 6, (to entitle the plaintiff to a summary judgment,) to be filed at the bringing of the suit, was made by the plaintiff's book-keeper, and not by the plaintiff himself. HELD:

That, the affidavit being insufficient, the judgment should be struck out, and the defendant let in to plead, that the case might be tried on its merits.

The record is construed, as it comes certified to this Court.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court. The affidavit therein mentioned was made before a notary public and certified by him at Cincinnati, the place of residence of the plaintiffs.

The cause was argued before BARTOL, C. J., GRASON, MILLER, ROBINSON and IRVING, J.

*F. C. Cook,* for the appellant.

*R. H. Goldsborough* and *John F. Preston,* for the appellees.

IRVING. J., delivered the opinion of the Court.

The appeal in this case is from the refusal of the Superior Court of Baltimore City, to strike out a judgment

rendered by that Court in favor of the appellees against
the appellant.  The judgment was extended for $166.68
and costs, on the 12th day of January, 1880, in pursu-
ance of an alleged judgment, by default on the 5th of
January, 1880.  On the 20th of January, 1880, during
the same term at which judgment by default, and on exten-
sion, appear to have been rendered, the motion to strike
out was made, and on the 2nd day of July, following, the
motion was overruled.

The petition alleges surprise at the entry of the judg-
ment; and asks that it be stricken out for the following
reasons, viz.   1st. Because the claim for which it was ren-
dered has been paid.   2nd. Because the judgment by
default, and the extension thereof were irregularly en-
tered,—and 3rd, for other reasons to be assigned at the
hearing.

It will not be necessary for us to consider or pass upon
any of the reasons assigned, except the one alleging irregu-
larity in the entry of the judgment by default and the
final judgment on extension; for according to our view of
the case, there was such irregularity in the entry of the
judgment by default and on extension as ought to have
induced the Court, on the motion made, to strike it out,
that trial might be had on the merits.

Upon this motion alleging irregularity, the whole ques-
tion of jurisdiction and whether the proper steps neces-
sary to justify the entry of judgment by the Court, is
open before us.

We cannot sustain the contention of the appellant's
counsel that no judgment by default was rendered in the
cause.   We cannot so construe the record as it comes cer-
tified to us.   Notwithstanding some apparent transposi-
tion of the entries, so that the entry of judgment by
default does not appear to have followed immediately
upon the motion for it, and to have preceded the continu-
ance of the cause; yet it is certified as having been entered

De Atley *vs.* Senior.

on the day the motion was made, and we must hold that it was rendered and entered on that day and in proper order of time, immediately upon the motion for it. If however this judgment by default was improvidently entered without the necessary preliminary proceedings to entitle the plaintiffs to it, the judgment on extension was also irregular and both ought to have been stricken out and defence allowed to be made. Without considering any other ground of error suggested, there is one serious and fatal objection patent of record. It involves the construction of the Act of 1864, ch. 6, in respect to a question not heretofore raised or decided in this Court. The seventh section of that Act provides: "In any action brought for any of the causes mentioned in the last preceding section, *the plaintiff*, if he make affidavit or affirmation, as hereinafter stated, shall be entitled to judgment on the first day of the term of the Court, in which said action is pending, or at the return day next succeeding the appearance of the defendant, which ever shall first happen or occur, although the defendant may have pleaded; unless such plea contains a good defence, and unless *the defendant or some one in his behalf* shall make oath or affirmation that said plea is true, and that he verily believes, that he will be able at the trial of the cause to produce evidence in support of said plea."

By the eighth section of the Act this affidavit of the plaintiff must be made at the time of bringing the suit; and the contention of the appellant's counsel is, that the express language of these seventh and eighth sections requires, this affidavit is to be made by the plaintiff, and that it can be made by no one else. We can not doubt that this is the proper construction of the Act, and that the want of such affidavit by the plaintiffs was a fatal objection to the proceeding; and that for the want of it, the plaintiffs could not justifiably ask for judgment by default as was done, and the Court

could not properly grant the motion and enter the judgment.

The affidavit filed with the declaration is not the affidavit of the *plaintiffs*, but of a person stated in the affidavit to be the *plaintiffs' bookkeeper*. Manifestly, this was not a compliance with the requirements of the Act. The Act provides a special proceeding, by which a plaintiff, by taking certain prescribed steps, is allowed to get a judgment against his debtor sooner than by the usual mode, and without waiting to give the defendant an opportunity to plead. It puts the defendant, who is summoned after such preliminary steps are taken, to the necessity of appearing at the return day, and putting in his defence in the way indicated by the statute, and if he fails to do so, allows the judgment to go at once by default.

According to all the rules of construction applicable to statutes of this character, the provisions of the statute must be strictly pursued to entitle a suitor to the benefits accorded by it. It is analogous to the law of attachment against non-resident and absconding debtors. There the affidavit, which is the pre-requisite to the issuing of the warrant and the subsequent issuing of the writ, is required to be made by the *plaintiff*, and it has always been held he alone could make it, and that the affidavit of no one else but the creditor would suffice to sustain the proceeding. In construing this Act of 1864 with respect to the kind of claim that judgment might be obtained for under its summary provisions, this Court, in the case of *Bouldin vs. Stiebel*, 31 *Md.*, 34, said that the language of this Act must be accorded the same construction which had been given to the same language when used in the attachment law. Inasmuch as each law provides a summary mode of collecting a claim, the same construction should be applied to the same language occurring in both laws to indicate the affidavit to be made, and the person by whom it

should be made. Inasmuch as in the first part of section seven, it is expressly provided, that the *plaintiff* shall make the affidavit which is to be filed when suit is brought, and in the subsequent part of the same section where it provides for the verification of the plea, it provides that the *defendant*, or *some one* in his behalf, shall make oath to the *bona fides* of the defence, and the expectation of supporting it by proof at the trial, it becomes indubitably clear that the law intended the difference which is indicated, and designed the plaintiff, and no one else, should make the affidavit to the claim on which suit was brought to entitle him to the benefits of summary judgment. In the light of this provision for the defendant, the maxim *expressio unius exclusio alterius*, forbids the interpolation by construction, after the word " plaintiff" of " or some one in his behalf." There is manifest reason also for making the difference, and requiring the plaintiff to make his own affidavit, while the defendant, or his attorney, or some one else, is permitted to make affidavit to the *bona fides, &c.*, of defence. The plaintiff alone is supposed to know whether the claim is honest and how much is due; while the defence might rest on grounds to which some other person could, with more safety and knowledge, swear. It is not, however, necessary to look for reasons for such provision. We must deal with it as we find it, and interpret it according to its language and the rule applicable to the construction of such summary legislation in derogation of the common law. No countenance is given, in either the seventh or eighth section of the statute, to the idea that any one but the plaintiff can make that affidavit. The affidavit being, for the reasons assigned, adjudged insufficient, it will not be necessary for us to inquire into or determine the competency of the officer before whom it was made, and by whom it is certified, to take and certify it. We therefore express no opinion on that point. We think the Court below erred in over-

ruling the motion to strike out the judgment; and the judgment will be reversed and the cause remanded, to the end that the judgment by default and the final judgment may be stricken out, and the defendant may be allowed to plead, and the case may be tried on its merits.

*Judgment reversed and*
*new trial awarded.*

(Decided 18th February, 1881.)