CHRISTIANA B. HOFFMAN, by her next friend,. ERNEST RIALL vs. JOHN A. REED, use of HENRY RUPRECHT.

*Attachment against a Married Woman's Property under Art. 45, sec. 7, of the Code—Appeal—Collateral Proceedings.*

In a proceeding by attachment to affect the property of a married woman under Art. 45, sec. 7, of the Code, the petition alleged, that the married woman became indebted to the petitioner in the sum of $200, for professional services, by agreement, rendered to her by the petitioner, and for cash laid out and advanced for her benefit, as would appear by the open account thereto annexed. The affidavit was for a claim for services and money advanced, without designating how much on either account, and referred to the account; which was in this form: To professional service, as per agreement, $200. The attachment was issued; the sheriff made return of attached per schedule; judgment *nisi* was entered; *fi. fa.* issued; and the sheriff returned the property, offered for sale but unsold. Motions were made, 1st. To strike out the judgment of condemnation; 2nd. To quash the attachment; and 3rd. To quash the execution. HELD:

1st. That the motions should be granted, as the attachment proceeding was fatally defective, and formed no sufficient foundation for the judgment rendered thereon, and that the errors apparent in the proceedings were brought under review by this Court, by the appeal from the refusal to strike out the judgment of condemnation, and to quash the attachment.

2nd. That if the question of the validity of these proceedings had arisen in a collateral proceeding, different considerations would arise.

APPEAL from the Superior Court of Baltimore City.

On the 14th July, 1879, John A. Reed, filed his petition in the Court below, for process of attachment under Art. 45, sec. 7, of the Code, against the property of Chris-

Hoffman, by her next friend vs. Reed, use of Ruprecht.

tiana B. Hoffman, wife of John C. Hoffman; in which petition he alleged, that while the said Christiana B. Hoffman was conducting business in her own name, as a *feme sole*, she became indebted to the petitioner in the sum of two hundred dollars, for professional services, by agreement rendered by him to said Christiana B. Hoffman, and for cash money laid out and advanced for her benefit and advantage, at her request, as appeared by the open account thereto annexed.

The affidavit set forth that the matters and facts set forth in the foregoing petition, were true as therein set forth, and that said Christiana B. Hoffman, the wife of John C. Hoffman, was justly and *bona fide* indebted unto him, the said John A. Reed, in the full and just sum of two hundred dollars, over and above all off-sets and discounts; and that at the same time, the said John A. Reed produced to the justice of the peace, the bill of account. on, and by which the said Christiana B. Hoffman, was so indebted, which was thereto annexed.

The account was as follows:

Christiana B. Hoffman, to John A. Reed,      Dr.
    To professional service, as per agreement......$200 00

The short note declared against Christiana B. Hoffman, John C. Hoffman, her husband, that the suit was instituted to recover the sum of two hundred dollars due, and owing from the defendant to the plaintiff, for services rendered by the plaintiff to the defendant, and for money advanced for the use of the defendant by the plaintiff.

The attachment was issued as prayed. On the second Monday of September, 1879, the sheriff made due return to the Court; attached as per schedule, and copy of short note set up, in the usual form. On the 8th September, 1879, the defendant being called, and not appearing, a judgment of condemnation *nisi* was entered in open Court.

On the 24th July, 1880, a writ of *fieri facias* issued against the property attached, returnable to the September Term, 1880; and on the return day of said *fieri facias*, the sheriff made due return thereof, that the property was duly advertised and offered for sale on the 3rd September, 1880, and unsold.

Whereupon, on the 7th September, 1880, the defendant by her next friend, Ernest Riall, moved the Court by three separate motions, to quash the writ of attachment; to strike out the judgment of condemnation; and to quash the writ of *fieri facias*. The Court below (DOBBIN, J.) overruled the motions, and the defendant appealed.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and IRVING, J.

*Charles J. Bonaparte*, for the appellant.

The Court erred in refusing to quash the attachment, because—

1st. The proceedings are altogether uncertain regarding the particulars of the appellee's claim. His "services" may have been, for all that appears, contrary to good morals or forbidden by statute; the "agreement" is neither produced or described, and neither its date, nor the amount the appellee was to receive under it, can be even conjectured from the papers. *Dawson vs. Brown*, 12 *G. & J.*, 53; *Stewart vs. Katz*, 30 *Md.*, 334; *Cox vs. Waters*, 34 *Md.*, 460; 6 *Md.*, 66. .

2nd. There is a double variance between the "cause of action" and the short note; the former claims $200 for services *only*, from the appellant *only*; the latter, the same sum for services *and loans* from the appellant *and her husband*. *Mears vs. Adreon*, 31 *Md.*, 229; *Weisker vs. Lowenthal*, 31 *Md.*, 413; *Browning, Trustee vs. Pasquay*, 35 *Md.*, 294.

3rd. The short note declares on a debt, due *jointly* by John C. Hoffman and the appellant; such an indebtedness

could not be recovered in this form of proceeding. *Bridges vs. Woods & McKenna*, 14 *Md.*, 258; *Dean vs. Oppenheimer*, 25 *Md.*, 368; 31 *Md.*, 417.

The Court erred in refusing to strike out the judgment because, under sec. 7, of Art. 45, of the Code, "the proceeding and the judgment are *in rem*, not *in personam.* The object is not to compel the appearance of the debtor with a view to a judgment against her, nor to seize her property by way of execution, but to obtain a lien on property acquired in a specified manner, with a view to the payment of the claim, if it should appear that the party is indebted as charged." Consequently, Art. 10, sec. 13, of the Code, cannot apply to this form of attachment, and the Court had no jurisdiction to enter a judgment against this appellant, because "being called," she did not appear, having, in fact, never been summoned. *Brent, Trustee vs. Taylor & Marks*, 6 *Md.*, 68.

The Court erred in refusing to quash the *fi. fa.*, because—

1st. If Art. 10, sec. 13, of the Code, *does* apply to this form of action, it should not have issued within a year and a day, from September, 8th, 1879, without a bond being filed.

2nd. If this section does not apply to this form of action, the judgment by default was either a nullity, or at best, interlocutory only, and could not sustain an execution. *Davidson vs. Myers, et al.*, 24 *Md.*, 538.

*J. Alexander Preston*, for the appellee.

ALVEY, J., delivered the opinion of the Court.

This is a proceeding by attachment, taken under section 7 of Art. 45 of the Code, to affect the property of a married woman. The Code authorizes the proceeding, "upon petition *and proof of claim*, according to the circumstances of each case." The proceeding is purely one *in rem*, no

personal judgment being contemplated by the statute; and hence no summons is required to be issued to the party whose property is sought to be affected. *Brent vs. Taylor & Marks,* 6 *Md.,* 58. The only notice required to be given, apart from the seizure of the property, or the notice to the garnishee, is the putting up of a copy of the short note, framed upon the claim of the plaintiff, at the Court-house door. *Brent vs. Taylor, supra.* The preliminary proof of claim, in order to procure the order of Court for the attachment, is entirely *ex parte;* and because of its *ex.parte* character, and the absence of all personal process against the party whose property is sought to be seized and condemned, it is incumbent upon the Court, to which the petition is addressed, to see that a fair *prima facie* case is made out by the plaintiff, within the terms of the statute, before ordering the attachment to issue. Otherwise the grossest injustice might be done by enforcing claims against the small earnings of married women, that could not for a moment be supported if brought to the test of a fair and impartial trial in the ordinary course of legal proceeding.

In this case, the petition and affidavit proceed upon a claim for $200, for professional services rendered by agreement, and for cash money laid out and advanced for the benefit and advantage of the defendant, at her request, " as appears by the open account hereto annexed."

The account annexed is simply in this form : " To professional service, as per agreement, $200." How much for professional service, and how much for money advanced, the account does not show. Nor does it show the nature of the services rendered ;—whether for that of a doctor, lawyer or artist. The variance between the claim as set forth in the petition and affidavit, and that set forth in the account filed, is patent and fatal. The affidavit was made to prove a claim for services, and for money advanced, without designating how much on either account ; while the account is for services alone.

But, in addition to this objection to the proceeding on the ground of variance, the account filed as the basis of the proceeding is altogether too indefinite. The affidavit to such an account proves nothing with any degree of certainty. The affidavit refers to the account exhibited as a voucher of the claim ; but when we turn to the account, it not only shows a variance from the claim as stated in the affidavit, but it shows nothing in regard to the real nature and extent of the claim, as set forth in the affidavit.

In the case of *Cox vs. Waters,* 34 *Md.,* 460, it was said by this Court, " that an account simply, ' for goods bargained and sold at sundry times,' and stating merely the aggregate amount of the debt, would not be a substantial compliance with the Code ; because it would not give to the debtor, or other persons interested, any certain notice or information as to the real nature and character of the claim." And if an account made out in that form would not be sufficiently certain to gratify the requirement of the statute, in a case such as that, it would seem to be quite clear that the account filed in this case, where there is even greater necessity for certainty and precision in the claim, must be regarded as altogether deficient in the requisite certainty as to the real nature of the demand.

There were three several motions made in this case : 1st, to strike out the judgment of condemnation entered on the sheriff's return to the attachment ; 2nd, to quash the attachment, and, 3rd, to quash the execution issued on the judgment of condemnation.

All these motions were overruled by the Court below ; but we think they should all have been sustained.

The attachment proceeding was fatally defective, and formed no sufficient foundation for the judgment rendered thereon. And the present appeal from the refusal to strike out the judgment of condemnation, and to quash the attachment, brings under review of this Court the

errors apparent in the proceedings, upon which the judg-
ment is founded. *Boarman vs. Israel and Patterson,* 1
*Gill,* 372; *Mayer vs. Soyster,* 30 *Md.,* 402; *Hall vs. Holmes,*
30 *Md.,* 558.

It must not be understood, however, from this decision,
that if the question of the validity of these proceedings
had arisen in a collateral proceeding, that they would have
been declared utterly null and void. In such case, differ-
ent considerations would arise. See 6 *H. & J.,* 132.

*Judgment reversed, and*
*proceedings quashed.*