Mr. Chief Justice Bingham
delivered the opinion of the Court:
The plaintiff declared, on a promissory note for $500, made and signed by the firm name of Solari Brothers; Camille Solari was served with process and filed a plea denying indebtedness, but. without affidavit, under the rule. Joseph Solari was not found, and the officers so returned.
January 15, 1887, judgment was rendered against both defendants, on motion of the plaintiff. February 9, 1887, this judgment was set aside on the plaintiff’s motion and a judgment rendered against Camille Solari.
On the same day an attachment was sued out on the *375 judgment, and process served on the Metropolitan National Bank, with interrogatories to be answered by the garnishee. The garnishee, having answered to the first interrogatories that it had no funds of Camille' Solari’s and was not indebted to him, moved, for that reason, and also because a debt due a firm cannot be attached for a debt of a single member of such firm, to be discharged. March 2,1887, the plaintiff suggested the decease of Joseph Solari after the commencement- of the action and before service on him. In answer to additional interrogatories the Metropolitan Bank stated an indebtedness to Solari Brothers of $111.47.
On the 18th' of March, 1887, Camille Solari filed his denial .that Joseph Solari had departed this life, as suggested by the plaintiff.
On the 19th of February, 1887, Camille Solari filed his motion to discharge the attachment because a debt due a firm cannot be attached on a judgment against one member of the firm.
On the 21st of- March, 1887, the Court entered an order overruling both motions, of Camille Solari and of the garnishee, to discharge the attachment. From this order Camille Solari and the garnishee took an appeal to the General Term. Camille Solari gave bond in appeal, but the garnishee did not.
The question presented by the record is, Can a debt due a partnership be attached to satisfy a judgment rendered against one partner, who alone was served, in a suit commenced against both parties on a partnership contract?
The general rule of the common law unquestionably is that a judgment against one of several persons who are jointly obligated is a merger of the cause of action as to all and may be pleaded in bar to a* subsequent action against the joint obligators not included in it. The case of Moale vs. Hollins, decided by the Court of Appeals of Maryland in 1839, 11 Gill & J., 11, fairly illustrates the doctrine. It was there held that where a person carried on a copartner *376 ship business in his own name, but had a dormant partner, that a creditor who sued and recovered judgment against the known partner, upon an obligation given for a firm debt in the course of partnership business, was thereby precluded from suing the dormant partner, although he remained ignorant of the fact of copartnership until after the the rendition of the judgment.
Probably this decision may have suggested the enactment by the Legislature of Maryland of a statute, passed subsequently, providing as follows: “A judgment rendered against one or more members of a partnership, or one or more persons jointly liable on any bill, bond, covenant, promissory note, bill of exchange, contract or agreement whatsoever, less than the whole number of partners or persons so bound, shall not work an extinguishment or merger of the cause of action on which such judgment may have been rendered, as respects the liability of the partners or persons not bound by such judgment; and they shall remain liable to be sued as if their original responsibility had been joint and several; Provided, That but one satisfaction of the debt or demand shall be made.” Md. Code, art. 29, sec. 18.
The claim made by counsel for the plaintiff in this case is that “the debt is a firm debt and the judgment is against Camille Solari'as a member of the firm of Solari Brothers. His liability arised out of his firm relations, and the plaintiff has a right to have that liability satisfied out of the assets of the firm;” and in support of their position cite Johnston vs. Mathews, 32 Md., 368; Rhodes vs. Amsinck, 38 Md., 354, and Imbusch vs. Harwell, 1 Black, 566.
The conclusion of the Court in each of these cases would seem to support the claim of counsel, but a careful examination of them will remove this impression.
Imbusch vs. Farwell was commenced in the District Court of the United States for Wisconsin, and seems to have been decided in accord with the provisions of a statute of *377 Wisconsin, to the effect that where judgment -is recovered against some members of a firm and riot against others, that •satisfaction of the judgment may be by seizure.and'sale of •the partnership effects. ■ ' ;
. We cannot doubt that the cases of Johnston 'vs. Mathews and Rhodes vs. Amsinck, supra; were largely determined by the statute of Maryland before recited, and beyond that are predicated upon the authority'of Imbuschm Farwell, without mentioning the distinction between the Maryland and Wisconsin statutes!
Without questioning the soundness of those 'decisions it is apparent to us that in’this District, where the. common’law in this-.respeqt has not been modified by-statute, the law-is otherwise. The obligation of the firm, being "merged'.in-the judgment against one partner, as to all members of the firm, and the judgment being against one only, it logically follows that the execution cannot be broader than the judgment and can only be levied on the property of the judgment debtor; hence cannot be levied on the parnership property. Ex parte Christy, 2 Deac. & C., 155; Rradley vs. Millar, 1 Rose, 273.
It is not contended that the interest of Camille Solari in the partnership fund attached can be reached by this attachment proceeding.. His interest is what may remain to him after the settlement of the partnership business and the payment of the partnership debts. This can only be ascertained judicially by the aid of a court of equity.
It is claimed that Camille Solari may not appeal because not aggrieved by the decision of the Court in special term ; that the application of the fund in the hands of the garnishee to the extinguishment of the judgment against him would benefit, not injure him. He is shown by the record to be a partner, and as such is entitled to contend for the preservation and legal appropriation of the partnership property.
We do not perceive that the question of the death of Jos *378 eph Solari, as presented by the record, is one that can be now considered, for the reason that the suit and judgment are not against Camille as surviving partner; hence the determination of the issue as to the death of Joseph Solari, before hearing the motions to discharge the attachment, would not have raised any implication of the proper disposition of these motions.
If it be admitted that our decision is based upon technical law, it nevertheless, appears to be the law of this jurisdiction, and as such must be administered until such time as the legislative power, in its wisdom, may intervene.
• The order of the Court below overruling the motions to quash and discharge the attachment is reversed, with costs, and the cause remanded for further proceedings.