BERNARD THILLMAN *vs.* RICHARD H. SHADRICK.

*Courts of Baltimore City—Judgment by Default under Act of 1886, ch. 184, sections 170 and 171—(Local Code of 1888, Article 4, secs. 167 and 168.)—Insufficiency of Statement of Cause of Action.*

In an action on a verbal contract brought in the Superior Court of Baltimore City, under the Act of 1886, ch. 184, where the cause of action, verified by affidavit, and accompanying the declaration, was as follows: "Baltimore, November 19th, 1887.  B. T. to R. H. S. Dr. To a balance due on the purchase money of nine houses on the East side of M. street, south of McH. street, Baltimore City, $365.00," it was HELD:

That this was not a sufficient statement of the particulars of the defendant's indebtedness, as required by section 171 of said Act, (Local Code of 1888, Art. 4, sec. 168,) to entitle the plaintiff to a judgment by default under section 170 of said Act, (Local Code, Art. 4, sec. 167.)

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before MILLER, IRVING, BRYAN, and MCSHERRY, J.

*C. Dodd McFarland,* for the appellant.

*Richard B. Tippett,* and *James B. Guyton,* for the appellee.

MCSHERRY, J., delivered the opinion of the Court.

The appellee sued the appellant in the Superior Court of Baltimore City.  The suit was brought under the Act of eighteen hundred and eighty-six, chapter

one hundred and eighty-four. The declaration filed in the case contained only the common money counts. The cause of action, verified by affidavit, and accompanying the *narr.*, was as follows:

"Baltimore, November 19th, 1887.

BERNARD THILLMAN,

To RICHARD H. SHADRICK, Dr.

To a balance due on the purchase money of nine houses on the East side of Monroe Street, South of McHenry Street, Baltimore City, . . . $365.00."

The appellant appeared in due season and filed pleas of never indebted and that he did not promise as alleged, which were supported by his affidavit. This affidavit of defence being defective because not conforming to the Act of eighteen hundred and eighty-six, chapter one hundred and eighty-four, section one hundred and seventy, as construed by this Court in the recent case of *Adler vs. Crook, et al.*, 68 *Md.*, 494, a judgment by default was entered under said section one hundred and seventy against the appellant and was extended the same day. Two days afterwards the appellant filed a motion to strike out the judgment and assigned amongst others the following reason, viz., "because the plaintiff has not filed a sufficient statement of particulars of the alleged indebtedness of the defendant." This motion was overruled and from that action of the Court the present appeal has been taken.

The only question which we need consider is, whether the appellee so far complied with the provisions of section 171 of the Act of 1886 in respect to filing an account, or a sufficient statement of the particulars of the appellant's alleged indebtedness as to entitle him, the appellee, to a judgment by default under that statute. Sec. 171 declares that "the plaintiff shall not be entitled to judgment under the preceding sec-

tion, unless at the time of bringing his action he shall file with his declaration an affidavit * * * * stating the true amount the defendant is indebted to him * * * * * * and shall also file the bond, bill of exchange, promissory note or other writing or account by which the defendant is so indebted, or if the action be founded upon a verbal or implied contract, shall file a statement of the particulars of the defendant's indebtedness thereunder * * *." "The object of the Act was, in cases to which it applied, to obtain from both plaintiff and defendant a definite and sworn statement of both the claim and the defence (if any,) so that the parties might know exactly wherein they differed and shape their action accordingly." *Adler vs. Crook, et al., supra.*

Now, there was no bond, bill or written contract filed, and unless the cause of action which we have set forth be an *account* or a *statement of the particulars* of the defendant's indebtedness, the appellee was not entitled to a judgment by default. If he was not entitled to such a judgment by reason of having failed to bring his case within the provisions of the statute, the Court was clearly without jurisdiction to enter it. And if the Court had no jurisdiction, the irregular entry of the judgment by default could not aid or supply that want of jurisdiction. The proceeding is a special, statutory one, and it is only when the provisions of the Act are strictly complied with that the Court has authority to enter a judgment by default under it. *De Atley vs. Senior,* 55 *Md.,* 482. This circumstance distinguishes this case from those relied on by the appellee, where judgments by default, *regularly* entered in the exercise of the Court's general powers, were held to settle conclusively the question of jurisdiction without regard to any of the subsequent proceedings.

As we have seen, the appellant's claim is for *a balance* due on the purchase of nine houses. It does not appear

Thillman *vs.* Shadrick.

whether each of these houses was sold for the same amount ; what the aggregate sum for all of them was, or when they were sold. Nor does this paper show what payments have been made or the dates of the payments, though the fact that some payments were made is necessarily implied. Inasmuch as a *balance* is claimed, it is perfectly evident that there must be a debit and a credit side to an account from which that balance was taken. The *balance* so produced is not an *account*, but the *result* of an account. It bears to an account precisely the same relation that a conclusion does to the premises of a syllogism. *McWilliams vs. Allan*, 45 *Mo.*, 573. An account is the statement of two merchants or others who have dealt together, showing the debits and credits between them. 1 *Bouv. Law Dic.*, 48. The correctness of the *balance* depends upon the accuracy of the debits and credits. The paper is, therefore, clearly not an account, and it certainly does not set forth the *particulars* of the appellant's alleged indebtedness. It is impossible for the defendant to state, in his defence, what part of the plaintiff's claim is admitted and what part is denied when no information as to the particulars of the indebtedness is given ; and as it was the object of the Act of Assembly to narrow the questions in issue between the parties as much as could practicably be done, it seems clear, upon principle, that such a statement as that filed by the appellee is very far from being what the statute exacts. But we think the matter has been set at rest by adjudged cases. In *State, use of Bouldin vs. Steibel*, 31 *Md.*, 37, it was held that the Act of 1864, chapter 6, which was not as stringent in its provisions respecting the statement of the plaintiff's claim as the statute now in force, "was substantially the same as the attachment law in sec. 4 of Art. 10 of the Code." In construing the attachment law in *Cox vs. Waters*, 34 *Md.*, 460, it was said, "that an account

simply 'for goods bargained and sold at sundry times,' and stating merely the aggregate amount of the debt, would not be a substantial compliance with the Code; because it would not give to the debtor, or other persons interested, any certain notice or information as to the real nature and character of the claim." Much less would the paper in this case, because the correctness of the amount claimed depends upon so many circumstances not disclosed. In *Hoffman vs. Reed*, 57 *Md.*, 374, the account in an attachment against a married woman was in this form, "to professional service, as per agreement, $200," and it was held to be wholly insufficient and the judgment of condemnation was stricken out. In *McWilliams vs. Allan, supra,* the account was "to balance due on account of building two-story cottage of brick, on lot of ground fronting on Jones Street and Cook Avenue, in the City of Saint Louis, and in erecting fence around said lot, $503." Under a mechanics' lien proceeding founded on the statute of Missouri, which required the claimant to file "a just and true account of the demand due after all just credits had been given," it was held that this statement of the indebtedness was not sufficient. The account in *Bartlett & Robbins vs. Wilbur*, 53 *Md.*, 501, was held to be sufficient, but it was widely different from the one in this case.

We are of opinion that there was error in the refusal of the Court to strike out this judgment, and its ruling will be reversed, so that the judgment by default and the extension of that judgment may be stricken out and an opportunity given to the defendant to present his defence upon the merits.

*Judgment reversed, and*
*new trial ordered.*