# BALTIMORE CITY COURT

Filed May 6, 1889.

JOHN F. WEBSTER ET AL. (TRADING AS WEBSTER, FORD & COMPANY)

VS.

F. H. SIEWARD & BRO.

STEWART, J.—

This is a motion to quash an attachment against a non-resident debtor.

The account filed is dated April 1, 1884, and is a claim for $1,591.51 for oysters sold between March 19, 1884, and March 27, 1884, to a firm in which the non-resident defendant is alleged to have been a partner.

The affidavit sets forth that Ferdinand H. Sieward and Adolphus H. Sieward were co-partners, trading as F. H. Sieward & Brother, and that Adolphus H. Sieward, whose property is sought to be attached, is a non-resident. The resident defendant has been returned summoned.

The attachment was laid in the hands of Charles T. Farmer, trustee, on 4th of April, 1884. There are several reasons set forth in the motion to quash, the first being that the voucher is not sufficient. The object of the attachment law, in requiring an account to be filed, is to give to the debtor or other persons interested, certain notice or information of the nature of the plaintiff's claim, and in Cox vs. Waters, 34 Md. 460, the Court of Appeals says that in general it is sufficient, if it be such as would sustain a declaration in assumpsit. The Court thinks that the account in this case is sufficiently explicit and that the objection to it is not a sound one. The plaintiffs have asked leave to amend the account filed, so as to itemize with more precision the grounds of their claim. This right is given them under

the provisions of the Act of 1888, Chapter 507 (Code of General Laws, Article 9, Section 27), which provides that attachment proceedings may be amended in the same manner and to the same extent, as any other suits or actions at law, so that the same may be tried on their real merits, and the purposes of justice subserved.

While deeming the amendment unnecessary, the Court, in reference to the request of the plaintiff, will allow it to be made, so as to obviate the objection raised.

The second reason given for quashing the attachment is that it is against one partner only for a partnership debt, when the other partner is a resident of the State, and within the process of the Court. The language of the Code is very comprehensive : every person who doth not reside in this State may be made a defendant in an attachment.

The purpose of the attachment laws is by seizing the property of a debtor to compel his appearance to answer the demand of the plaintiff, when from non-residence he is beyond the process of the Court, and on failure of appearance, to apply such property to the satisfaction of his debts. An attachment cannot be used when the debtor is within the reach of ordinary process. Risewick vs. Davis, 19 Md. 82.

In the case before the Court the resident defendant cannot be the subject of attachment, and it appears an anomalous proceeding to seek a verdict against a non-resident in an attachment suit where the cause of action is based on a partnership transaction, and the non-resident is not before the Court in his individual capacity, and yet in the case of fraud the remedy has been provided, 1864, Chap. 305. Sec. 6. (Code, Art. 9, Sec. 39.)

If both defendants were non-residents, there could be no difficulty. It was expressly decided in Thayer vs. Treat, 10 Vroom 150, that a proceeding against several joint debtors, when the other joint debtors are non-residents, is permissible under the attachment laws.

The question raised by the motion is a new one in this State. In New Jersey the Courts have decided that all the partners, or joint debtors, must be non-residents, and must be so alleged in the proceedings, to entitle a creditor to an attachment against an individual partner; while in Tennessee and Massachusetts the Courts have held otherwise. The leading case on the subject in Tennessee (Haney vs. Cawthorn, 4 Heiskell 508), was in equity; but the principle therein decided, and the reasoning thereon, which was upon the construction of the law of attachments, are equally applicable to cases at law. The case of Stevens vs. Perry, 113 Mass. 380, decides that it is well settled, as a matter of law, in that State, that in a suit against two or more copartners upon their joint debt, the separate property of any one of the partners may be attached, and the lien so acquired is not discharged, or impaired by a subsequent attachment of the same property upon a suit in favor of a separate creditor of the same partner. As the debt is due from the partners jointly, it is also due from each, it may be enforced against the separate property of each.

In Johnson vs. Matthews, 32 Md. 363, the Court decided that where an attachment issued against one partner as an absconding debtor, and the other partner was within the jurisdiction of the Court, and summoned to appear, no attachment would lie against the absconding partner except for the purpose of attaching and condemning his individual property and credits.

This decision leaves it fairly inferible that such an attachment as the one now in question would be sustained ; but whether or not the Court of Appeals would so decide the question when directly presented, this Court does not feel at liberty, where the plaintiffs have the letter of the law in their favor, to say that they have mistaken their remedy.

There is no preceptible difference in principle between the third reason assigned in the motion to quash, and that which has already been considered as the second.

The fourth and fifth reasons which deny the existence of a partnership, and also deny the liabilities of the non-resident defendant, either as partner or otherwise, are questions of fact which it is more especially the province of a jury to determine, and as there are pleas filed in the case by the garnishee, on which issue is joined, which involve the same questions, the Court will leave the decision of those questions to a jury. The motion to quash will be overruled.