THOMAS B. SUMMERS, Garnishee of JOHN W. CARTER *vs.* ABRAHAM OBERNDORF.

*Attachment on Original process for Fraud—Disaffirmance of Contract—Effect of Judgment in the Short note case—Issue under the Plea of Nulla bona—Evidence—Account for Money loaned at Various times.*

O. sued out an attachment on original process against C., and S. was made garnishee. C. had given O. a promissory note for the debt sued on, which note had not matured at the date of the attachment. O. disaffirmed the contract, upon the allegation of fraud, tendered the note, and filed an open account for money had and received as the cause of action in the attachment suit. C. appeared and pleaded to the short note case, and upon trial a verdict was rendered against him. Upon a subsequent trial of the attachment against S. on the plea of *nulla bona*, it was HELD:

1st. That the verdict and judgment against C. conclusively settled that the debt had been fraudulently contracted, and that the

proper cause of action was the open account, and not the promissory note.

2nd. That the indebtedness of the defendant to the plaintiff was no longer an open question, and under the plea of *nulla bona* the sole issue before the jury was whether the garnishee had funds liable to garnishment.

3rd. That the record, the instruction of the Court, and the docket entries in the short note case, were proper evidence to establish the plaintiff's judgment.

4th. That evidence of declarations and admissions made by C. in the trial of the short note case, was immaterial to the present issue, and its admission could not damage the garnishee's case.

Where the indebtedness is for money loaned at various times, it is not necessary, in order to comply with the provisions of the attachment law, that the account should specify the dates and amounts of the several loans.

An attachment on original process may be maintained to recover a sum of money before it has become due under the contract, where the proceeding is based upon an affidavit alleging that the debt was fraudulently contracted.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, IRVING, BRYAN, FOWLER, MCSHERRY, and BRISCOE, J.

*James Pollard*, for the appellant.

*M. R. Walter*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

Abraham Oberndorf, the appellee in this case, sued out an attachment on original process, on the 9th of July, 1889, against one John W. Carter, charging:— First, that he (the said Carter) had assigned, disposed

of, or concealed, or was about to assign, dispose of, or conceal, his property, or some portion thereof, with intent to defraud his creditors. Second, that he had fraudulently contracted the debt or incurred the obligation upon which the suit was brought. The attachment was laid in the hands of Thomas B. Summers, the appellant, as garnishee. Oberndorf held Carter's note for $2000, which was not due and payable until January 10th, 1890,—one year after its date,—so he disaffirmed the contract upon the allegation of fraud, tendered the note, and filed an open account for money had and received, as the cause of action in the attachment suit. Carter being summoned, appeared, and pleaded to the short note case, which, after a regular trial, resulted in a verdict against him for the sum of $1900. There was no appeal taken from the judgment rendered in this case. Soon afterwards, the trial of the attachment against the appellant, Summers, the garnishee, was had under the plea of *nulla bona*, and the judgment being against him, he has appealed to this Court. At the trial the garnishee reserved two exceptions to the admissibility of evidence, two exceptions to overruling motions to quash, to the granting of the plaintiff's prayers, and to the rejection of certain prayers offered by the appellant. These exceptions form the basis of this appeal. The verdict and judgment in favor of Oberndorf against Carter we think conclusively settled the questions that the debts had been fraudulently contracted, and that the proper cause of action under the pleading was the open account, and not the promissory note, this Court holding in the case of *Bartlett and Robbins, Garnishees, vs. Wilbur*, 53 *Md.*, 497, that in an attachment by the plaintiff against the garnishee of a judgment debtor, the question of indebtedness by the defendant to the plaintiff is not an open question. The judgment is conclusive as to this matter, and under the plea of *nulla*

*bona,* the sole issue before the jury is whether the garnishee has funds liable to garnishment. The proof disclosed by this record shows that Carter, the defendant, had, on the 25th of May, 1889, executed a deed of trust to his brother-in-law, Thomas B. Summers, for the benefit of his creditors, and that the garnishee, Summers, had in his possession funds to the extent of the judgment rendered against him. The judgment, therefore, will have to be affirmed, unless there was error in the rulings of the Court below, at the trial. The first and second exceptions present questions as to the admissibility of certain evidence introduced by the plaintiff. The first being to the admission in evidence of the record, the instruction of the Court, and docket entries in the short note case. This we think was proper evidence to establish the plaintiff's judgment, and there was nothing in the record of the proceedings that could have prejudiced the garnishee's case. The second exception was as to the admissibility of certain declarations and admissions made by the defendant, Carter, in the trial of the short note case as to the fraudulent disposition of his property. This testimony the same witness was allowed, without objection, to repeat, both in his examination and cross-examination, and upon being called by the garnishee, repeated, in his examination-in-chief, the same testimony. The evidence, however, was entirely immaterial to the issue, and could not have damaged the garnishee's case. The third and fourth exceptions are practically the same, and they arise upon the appellant's motion to quash the attachment. First, because the proper voucher, the promissory note, was not filed with the affidavit. Second, because the open account, which was filed as the cause of action, does not specify the several loans made by the plaintiff to the defendant, Carter. As we have before said, the judgment in the short note case was conclusive as to the

question of the defendant's indebtedness to the plaintiff, and they were not open issues for the jury. *Bartlett and Robbins, Garnishees vs. Wilbur,* 53 *Md.,* 501; *Randle vs. Mellen,* 67 *Md.,* 187; *Higgins, Cobb & Co. vs. Grace & Brother,* 59 *Md.,* 372. It has also been held that, where the indebtedness is for money loaned at various times, it is not necessary, in order to comply with the provisions of the attachment law, that the account should specify the dates and amounts of the several loans. *Cox, &c. vs. Waters,* 34 *Md.,* 460; *Dawson vs. Brown,* 12 *G. & J.,* 53. But if the question raised by the appellant's motion, that the attachment should be quashed because the debt was not due when the suit was instituted was properly before us, we should have no hesitation upon principle and authority in deciding that an attachment on original process could be maintained to recover a sum of money, before it has become due under the contract, where the proceeding is based upon an affidavit alleging that the debt was fraudulently contracted. *Murphey vs. Barron,* 1 *Harr. & Gill,* 258; *State, use of Stevenson vs. Reigart,* 1 *Gill,* 28; *Higgins, Cobb & Co. vs. Grace & Brother,* 59 *Md.,* 372. We find no error in the rulings upon the prayers. The defendant's prayers, which were granted, presented the law as favorably to his case, as the evidence would admit. It therefore follows, from our view of the case, that the judgment will be affirmed.

*Judgment affirmed.*

(Decided 16th January, 1891.)