(Decided November 22, 1894.)

---

## WILLIAM BURK AND LOUIS BURK, PARTNERS, ETC., *vs.* S. L. TINSLEY.

*Attachment—Voucher.*

A voucher or account in an attachment against a non-resident, simply stating an indebtedness of the defendant, without showing on what account, whether for goods sold, money borrowed, or otherwise, is insufficient.

Appeal from the Superior Court of Baltimore City.

This was an attachment against a non-resident, upon the account set forth in the opinion of the Court. After a confession of assets in the hands of the garnishee, and a judgment of condemnation, certain claimants of the credits attached moved to strike out the judgment (at the same term of Court); and the defendant moved to strike out the judgment and quash to the attachment. From the order of the Court (RITCHIE, J.), granting the motion of the defendant on the ground of the insufficiency of the voucher, the plaintiff appealed.

The cause was argued before BRYAN, FOWLER, BRISCOE, PAGE and ROBERTS, JJ.

*Samuel J. Harman* (with whom was *Augustus Paper* on the brief), for the appellants, cited *Stewart* v. *Katz*, 30 Md. 334; *Cox* v. *Waters*, 34 Md. 460; *Bartlett* v. *Wilbur*, 53 Md. 601; *DeBebian* v. *Gola*, 64 Md. 262. .

*S. S. Field*, for the appellee, relied upon the following cases to show the insufficiency of the voucher: *Cox* v. *Waters*, 34 Md. 461; *Hoffman* v. *Reed*, 57 Md. 370; *Thillman* v.*Shadrick*, 69 Md. 528; *Mears* v. *Adreon*, 31 Md. 229; *Dean* v. *Oppenheimer*, 25 Md. 368; 2 *Poe's Pl. and Prac.* secs. 513, 516.

PAGE, J., delivered the opinion of the Court. This appeal is from the order of the Court below, striking out the judgment of condemnation and quashing the attachment. The order of the Court is, "that the judgment of condemnation in this case be and it is hereby stricken out, and the writ of attachment be and hereby is quashed, on the ground of the insufficiency of the voucher, provided the defendant enters his appearance to the short note case." The voucher, thus declared by the Court to be insufficient, is as follows:

PHILADELPHIA, Oct. 17th, 1892.
S. L. TINSLEY,
                   *Dr.*
                                   WM. BURK & BRO.
*Dr.*
Oct. 12.   Cash.......................... 1,978 50
*Cr.*
29,000 ℔s. gross wght. hogs.
    80%
____
23,200 at 7½.................. 1,682 00
Less freight................... 124 00    1,558 00
                                          ____
                                          $420 50
With interest from Oct. 17th, 1892.

Now, while the voucher or evidence of debt is not required to be produced *qua* testimony, yet it ought to show the real nature and extent of the claim as set forth in the affidavit. *Hoffman, etc.,* v. *Reed,* 57 Md. 375.

In that case, an account " To professional services, as per agreement $200," was held insufficient, because " it does not give to the debtor or other persons interested any certain notice or information as to the real nature and character of the claim." So in *Thillman* v. *Shadrick,* 69 Md. 529, where the voucher was " To a balance due on purchase money of nine houses," etc., the Court said : " The correctness of the balance depends upon the accuracy of the debits and credits. It is impossible for the defendant to state, as his defence, what part of the plaintiff's claim is admitted and what denied, where no information as to the particulars of the indebtedness is given ; and as it was the object of the Act of Assembly to narrow the questions in issue between the parties as much as could practicably be done, it seems clear upon principle, that such a statement as that filed by the appellee, is very far from being what the statute exacts." In *Stewart* v. *Katz,* 30 Md. 346, the account was declared sufficient because " it was certain in its items and details," and " is made out in the mode usually adopted by merchants engaged in extensive business, and is perfectly intelligible."

In *Cox* v. *Waters,* 34 Md. 461, the account: " To cash loaned at sundry times on call," was held sufficient, because it gave the debtor the real nature and character of the claim. In that case, a distinction is made between " an account for goods bargained and sold at sundry times," which would not be sufficient, and the one they then had under consideration. The former embraces elements of quantity and prices, and unless these were set out, no information as to the real nature of the claim could be given ; but the case of " cash loaned " is more simple, and if the aggregate is stated, dates and quantities of the several sums loaned are not essential to make the matter perfectly intelligible.

In *Bartlett* v. *Robins*, 53 Md. 501, " each of the items is set forth, the building for which they were furnished is specifically referred to, and the time during which the appellee was employed in doing and in superintending the work is stated."

From this brief review of the principal cases in Maryland on this subject, the rule to be applied here is, does the account filed in this case, furnish such certain information as to make clear to the defendant what is the real nature and character of the claim? The item charged is " cash." Now, if the account was for " cash loaned," it would have been clear that the suit was to recover for money, which the plaintiff had loaned the defendant. But the claim as it stands means simply, that the defendant owes the plaintiff $1,978.50 (the dollar mark, when the whole account is examined, may be supplied) ; but on what account, whether for goods sold or money loaned or otherwise, the account entirely fails to show. It therefore leaves the defendant entirely uninformed as to the " real nature and character " of the plaintiff's claim, and is wholly insufficient to support the attachment.

Other reasons for quashing the attachment were argued in the briefs of counsel; but, inasmuch as what we have said disposes of the case we will not consider them.

*Order affirmed.*

(Decided November 22d, 1894.)