Wood's Ex'r. *vs.* FULTON & STARCK.—June, 1827.

The condition of an appeal bond to stay proceedings in equity, which contained a direct reference to the only decree passed by the chancellor between the parties mentioned in the bond, must be construed in connexion with the decree, in ascertaining its meaning.

An appeal by the representatives of a mortgagor, from a decree against them in favour of the mortgagee, for the sale of the mortgaged premises, unless the debt secured should be paid by a given day, and an appeal bond given by them to suspend execution of such decree, does not compel those representatives to guarantee the adequacy of the fund pledged by their ancestor, on an affirmance of the decree.

In an action on the appeal bond, in such case, the measure of damages is the actual injury suffered by the appellee from the delay, in whatever manner it arises. If the fund pledged was unequal to the payment of the debt at the time of the decree, the intermediate accruing interest was a clear loss to the plaintiff, occasioned by the delay of the appeal, and might properly have been made a standard for measuring his damages.

A decree, that unless the defendant shall, before a given day, pay to the complainant, or bring into court to be paid to him, a certain sum of money, the mortgaged property mentioned in the proceedings should be sold, is a decree *in rem*.

APPEAL from *Baltimore* County Court. This was an action of debt upon an appeal bond dated the 25th of October 1816, executed by *Thomas L. Savin,* and others, with the defendant below, (whose executor the now appellant is,) as one of their sureties, to the plaintiffs, (the appellees,) reciting, that by a decree passed on the 6th of September 1816, in a cause wherein the said *Fulton & Starck* were complainants, and the said *Thomas L. Savin,* and others, were defendants, the said defendants were decreed to pay to the said *Fulton & Starck* the sum of $4472 50, with interest, &c. From which decree the said *Savin,* and others, were about to appeal, &c. The condition then was, that if the said appellants should prosecute their said appeal with effect, and satisfy and pay to the said *Fulton & Starck* their, &c. as well the said sum of $4472 50, with interest as aforesaid, in manner directed by the said decree, in case the said decree should be affirmed, as also all costs which should be awarded by the court of appeals, then, &c. The defendant, (the appellant's testator,) pleaded general performance. To which the plaintiffs replied nonperformance; and for breach assigned the nonpayment of the amount of the decree which was affirmed in the court of appeals in June 1818, and $41 58 costs, there adjudged, &c. Rejoinder—performance and issue joined.

At the trial the plaintiffs gave in evidence the record of a cause lately depending in the court of chancery, and carried up to the court of appeals, in which cause the plaintiffs in this action were complainants, and *Wesley Woods, Thomas L. Savin,* and *Sarah* his wife, and *Marcus Dennison,* were defendants. The decree was that unless the defendants paid the complainants $4472 50 with interest, &c. on or before, &c. the

mortgaged property mentioned should be sold, &c. And it is admitted by the defendant that the said record proved that the said complainants obtained a decree in said cause in chancery, to wit, on the 6th of September 1816, which decree is contained in said record, and that the present action is brought upon the appeal bond filed at the time of entering the appeal from said decree; and that after the affirmance of the said decree by the court of appeals on the 27th of June 1818, as set forth in the said record, the said property mentioned in the said decree was, on the 27th of July 1818, duly and regularly sold by virtue of the said decree, for the sum of $5350; and that the report of the auditor, and the statement made by him dated the 7th of October 1818, and confirmed by the chancellor on the 8th of October 1818, shows the manner in which the proceeds of the sale of said property were applied, viz.

| | | |
|---|---:|---:|
| Trustee's commission, | $224 | |
| Costs in Chancery, | 114 | 81 |
| Costs in Court of Appeals, | 41 | 58 |
| Auditor's fee, | 4 | 67 |
| *Fulton & Starck's* claim to 27 July 1818, | | |
| $5784 43, | 4964 | 94 |
| | $5350 | 00 |
| Amount of sales, | 5350 | 00 |

Leaving a balance due to *Fulton & Starck* of $819 49, with interest from the 27th July 1818. And it was also admitted, that the costs of the court of chancery, mentioned in the said report and statement, including commissions allowed to the trustee of $224, and auditor's fee $4 67, are $343 48, and that the costs of the court of appeals are $41 58, and the costs of the record herein before mentioned, and procured to be offered in evidence in this cause by the plaintiffs is $20, and that the claim decreed to be paid to the plaintiffs was $4472 50, with interest, &c. making $5784 43; and that the amount of sales was $5350: leaving a deficiency on the 27th of July 1818, between the said debt and interest, and the said proceeds of sales, of the sum of $434 43. The defendant then prayed the opinion and direction of the court to the jury, that upon the whole evidence, the plaintiffs were not entitled to recover a greater amount or

sum of money than the interest on the mortgage debt decreed to be paid, from the date of the decree, and costs of the court of appeals, as awarded by their decree of affirmance. Which opinion and direction the Court, [*Archer*, Ch. J. and *Hanson*, A. J.] refused to give; and gave the following direction: That the plaintiffs were entitled to recover as well the difference between the debt and interest, and the actual proceeds of sale, as all costs in the court of chancery, including the commissions of the trustee, and the auditor's fee, and also the costs of the court of appeals, and of the record aforesaid, as also interest on the said difference or deficiency. The defendant excepted; and the verdict being for $1002 86, and judgment thereon rendered for the penalty of the bond, &c. the defendant appealed to this court; and his death being suggested after the appeal, the appellant, as his executor, appeared, &c.

The cause was argued before BUCHANAN, Ch. J. and EARLE, MARTIN, STEPHEN, and DORSEY, J.

*R. B. Magruder*, for the Appellant, contended, 1. That a decree *in rem*, on bill to foreclose, or to obtain a sale for the satisfaction of a mortgage debt, can never be extended to any property of the debtor, other than that which is pledged, nor can it operate *in personam*. 2. That if it cannot affect the *principal* debtor, a surety ought not to be made answerable to any greater extent than the principal would be. 3. That in a suit upon an appeal bond, where the decree appealed from is *in rem*, the delivery of the thing pledged to the plaintiff, ought to exempt the obligors from all liability from damages, except what may be awarded by the decree of affirmance. 4. That in an action on an appeal bond, the court will construe the bond with reference to the decree or judgment appealed from, and will qualify, or correct, an error in any recital or condition of such bond; and the court below erred in not so doing. 5. That the bond on which this action was founded was in the alternative, and was not for the payment of money absolutely; and the court below erred in not so directing the jury, upon the evidence before them.

On the *first* point, he cited *Dunkley vs Van Buren*, 3 *Johns. Ch. Rep.* 331. *Taylor vs Townsend*, 6 *Mass. Rep.* 264.

On the *third* point, he cited 2 *Tidd's Pr.* 1131, 1132, 1074, 1075. *Zink vs Langton,* 2 *Dougl.* 751, *(note* 3.*)* *Frith vs Leroux,* 2 *T. R.* 59. *Contee vs Findley, et al.* 1 *Harr. & Johns.* 332. *Butcher vs Norwood, Ib.* 485. The acts of 1809, *ch.* 153, *s.* 4; 1713, *ch.* 4; 1793, *ch.* 75; 1819, *ch.* 163, *s.* 3. *Karthaus vs Owings,* 6 *Harr. & Johns.* 139.

On the *fourth* and *fifth* points, he cited *Lord Arlington vs Merricke,* 2 *Saund.* 414. *Dance vs Gilder,* 4 *Bos. & Pull.* 34. 1 *Bac. Ab.* 654. The act of 1785, *ch.* 72, *s.* 3. *Bell vs Brown,* 3 *Harr. & Johns.* 484.

*Moale* and *R. Johnson,* for the Appellees, cited *Karthaus vs Owings,* 6 *Harr. & Johns.* 139. *The State use Rogers vs Krebs, Ib.* 31. *Thompson vs M'Kim, Ib.* 331, 333.

EARLE, J. delivered the opinion of the court. The action instituted in this case in the court below, is an action of debt on an appeal bond, against the appellant as surety. In the year 1811, one *John M. Dennison* mortgaged certain leasehold property in the city of *Baltimore* to *Starck* and *Fulton,* to secure them against any risk they might run by endorsing promissory notes in bank for *Dennison & Savin,* to the supposed amount of about $3000.

There was a proceeding in chancery on this mortgage, in 1814, against *Wesley Woods,* the administrator of *John M. Dennison,* and *Marcus Dennison,* his son, about fourteen years of age, and *Sarah Savin,* his daughter, of full age, who had intermarried with *Thomas L Savin;* and on the 6th of September 1816, a decree was passed by the chancellor, *that unless the defendants, or either of them, shall before the 6th day of October following,* pay to the complainants, or bring into the court to be paid to them, the sum of $4472 50, with interest on $4462 75, part thereof, from the 7th day of September 1813, until paid or brought in, the mortgaged property mentioned in the proceedings should be sold by a trustee, named in the decree.

On the 28th of October 1816, the defendants appealed from this decree; and to suspend further proceedings, entered into the appeal bond, referred to in the record.

At June term 1818 of the court of appeals, this decree was

affirmed, and a sale of the mortgaged premises having been made by the trustee soon after, the same sold for $5350, a sum less $819 49, than the amount of the mortgage debt, interest and costs, and the expenses attending the sale. This deficiency is the sum claimed by the appellees in this suit on the appeal bond; and whether the court were correct in their instruction to the jury, to make this the measure and standard of damages to be found by them, is the question we are now called upon to examine and decide.

This question makes it necessary for the court to give a construction to the appeal bond, and to advert to the act of assembly, with a view to which it was framed. The condition of the appeal bond is in these words: "Whereas by a decree of the high court of chancery, passed on the 6th day of September 1816, in a cause wherein the said *David Fulton* and *George Starck*, are complainants, and the said *Thomas L. Savin, Sarah Savin, Wesley Woods*, and *Marcus Dennison*, are defendants, the above bound *Thomas L. Savin, Sarah Savin, Wesley Woods*, and *Marcus Dennison*, are decreed to pay to the said *David Fulton* and *George Starck*, the sum of four thousand four hundred and seventy-two dollars and fifty cents, with interest on four thousand four hundred and sixty-two dollars and seventy-five cents, part thereof, from the 7th day of September 1813; from which said decree the aforesaid *Thomas L. Savin, Sarah Savin, Wesley Woods*, and *Marcus Dennison*, are about to appeal to the high court of appeals. Now the condition of the above obligation is such, that if the said appellants do and shall prosecute their said appeal with effect, and satisfy and pay to the said *David Fulton* and *George Starck*, their executors, administrators or assigns, as well the said sum of four thousand four hundred and seventy-two dollars and fifty cents current money, with interest as aforesaid, in manner as by the said decree is provided and directed, in case the said decree shall be affirmed, as also all costs which shall be awarded by the court of appeals, and in all things perform such decree as by the said court of appeals shall be made in the premises, then the above obligation to be void; otherwise to remain in full force and virtue."

The condition of this bond has a direct reference to the only decree passed by the chancellor between the parties, which must, therefore, be considered in connexion with it, in ascertaining its meaning. Taking them together, it is to be seen at the first glance, that a decree for the absolute payment of money is recited; whereas that appealed from, is a decree against an administrator and representatives, for the sale of mortgaged premises, and is unquestionably a decree *in rem*—One intimates a general judgment, that would involve the personal responsibility of the defendants, and subject their persons and property to execution; the other points to a specific adjudication, rendering liable a certain fund, out of which is to be raised the mortgage money of the complainants. The last is clearly the thing about which the contracting parties proposed to contract, and it will be in strict unison with the rules of contruction, so to expound the first and more general terms, as to confine their meaning, and make them comprise no more than the object, which was within the immediate view of the parties. 2 *Com. on Cont.* 533.

To consider then this appeal bond, in the same way, as if it had truly recited the chancellor's decree, the next inquiry is, what operation will it have thereon, in reference to the act of 1713, *ch.* 4? It will certainly be a security for the costs, because they are within the express terms of its stipulations; and it having worked a suspension of proceedings in the court below, it would seem a demand of justice, that the party delayed should be secured in a compensation for damages. But the interesting point is, by what criterion shall those damages be measured? This is not like the case of *Karthaus vs Owings*, where this court determine, on an appeal in replevin, that the value of the property to be returned should measure the damages sustained by the party.

There the appellant, by force of the judgment appealed from, had to do an act, the neglect to do which was injurious to the appellee. Here by the terms of the decree, the appellants may be considered as being passive, and bound to do nothing. Unless they pay or bring the mortgage money into court by an assigned day, the day liable to be enlarged by the affirmance of the decree, the mortgage premises are to be sold; and as it is within their option to perform or not, their omission to pay or

bring the money into court cannot be said to produce an injury or damage to the mortgagees.

If this is not the source of damage to the party, we clearly think it is not to be found in the deficiency of the fund to pay the mortgage debt and interest. The law does not compel those representatives to guarantee the adequacy of the fund, pledged by their ancestor; and there is nothing in their obligation, nor in the act of assembly in reference to which it was made, to oblige them to do it. In their stipulation to prosecute with effect, they have undertaken to proceed with their appeal to its successful termination; but in case of failure, they have not bound themselves to pay the debt, nor make good the fund; and this is not the legal and necessary consequence of a forfeiture of their bond. They are liable in damages for the actual injury suffered by the appellees from the delay, and this appears to the court to be the legitimate ground on which to estimate damages; and we, therefore, are of opinion an error was committed in rejecting the interest on the debt, proffered by the counsel for the defendants. If the fund pledged was unequal to the payment of the debt at the time of the decree, the intermediate accruing interest was a clear loss to the plaintiffs, occasioned by the delay, and might properly have been made a standard for measuring their damages.

We do not, however, mean to say, that a loss of interest was the only injury sustained by them. This is all in the case which to us has that appearance. It was certainly competent to the plaintiffs to have insisted on any further damage suffered by them, provided it was in their power to have shown that it proceeded from the suspension caused by filing the bond. Injury from delay seems to us the true test, and in whatever manner it arises, evidence of it in a case like this is fit and proper for the consideration of the jury.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.