(Decided 24th June, 1874.)

---

GEORGE V. KEEN, and THE MARYLAND LAND AND PERMANENT HOMESTEAD ASSOCIATION OF BALTIMORE COUNTY, *vs.* JOHN WHITTINGTON and ELIJAH CARSON, trading as JOHN WHITTINGTON & Co.

*Action on Appeal Bond—Oyer and profert—Corporation—Misnomer—Estoppel—Pleadings and Practice. Act of 1864, ch. 6, how far applicable to a suit on an Appeal Bond where the judgment appealed from is for a fixed sum of money, but the Appeal is dismissed before a hearing.*

The conditions of an appeal bond, were that a transcript of the record, should be transmitted to the Court of Appeals, within the time prescribed by law; that the appeal should be prosecuted with effect; and that the

appellant should satisfy, and pay the judgment appealed from, *"in case the said judgment should be affirmed"* by the Court of Appeals. The bond professed in terms to be the corporate act of the principal obligor, and was executed under its corporate seal. In an action on the bond, the declaration described the principal obligor by the name recited in the bond, but did not aver that it was a body corporate; the declaration made profert of the bond, and upon oyer being demanded it was brought into Court by the plaintiff. On demurrer to the declaration, it was HELD:

1st. That the defendant could not avail itself of a misdescription of its name in the declaration, and in the bond, as the record disclosed nothing, by which it could be determined that the real name was different from that used in the bond and declaration.

2nd. That it was estopped by the recitals, and description of itself from alleging its name to be different from that given.

3rd. That by the profert and oyer the bond became part of the declaration, and as it appeared on the face of the bond, that the defendant was an incorporated body, this supplied the failure to aver such incorporation in the declaration.

4th. That as the filing of an appeal bond, would be a nugatory act unless it was approved before it was filed, its approval may be inferred from the fact of its being filed.

5th. That it was not necessary to the sufficiency of the declaration, that it should contain an express affirmative averment of the approval of the bond.

6th. That if the bond was not legally approved, that fact might be availed of at the trial by way of defence.

The Act of 1864, ch. 6, relating to the Courts in the City of Baltimore, by its terms is applicable to suits where the cause of action is a contract either express or implied, and where the plaintiff shall file with his declaration an affidavit stating the *true amount*, that the defendant is indebted to him over and above all discounts, and also file the bond, bill of exchange, promissory note or other writing or account by which the defendant is so indebted. The appeal having been dismissed before it was passed upon by the Court of Appeals, it was, HELD:

1st. That the Act of 1864, ch. 6, did not apply to the case.

2nd. That the cause of action to be within the reason, and purview of that Act, must be of a character, to afford of itself a certain measure or standard for determining the amount recoverable, so that the *true amount* of indebtedness may be averred and verified by the affidavit.

3rd. That bonds with collateral conditions, not for the payment of any certain sum of money, and where the recovery thereon must be as for unliquidated damages will not constitute a cause of action within the statute.

4th. That if the appeal had been prosecuted and the judgment affirmed, the plaintiffs in the judgment in an action on the appeal bond could have recovered as liquidated damages, the amount of the judgment with interest and costs.

5th. But where the appeal has not been prosecuted, and the judgment has not been affirmed, the rule of damages, and the extent of recovery will depend upon the loss and injury sustained by reason of the stay of execution on the judgment appealed from.

APPEAL from the Superior Court of Baltimore City.

This was an action on an appeal bond brought by the appellees against the appellants. The facts are fully stated in the opinion of the Court.

The cause was argued by consent before MILLER, ALVEY and ROBINSON, J., and GRASON, J., participated in the decision.

*Benjamin C. Barroll,* for the appellants.

There can be no recovery on an appeal bond, unless it has been legally approved. It is the approval which gives it vitality.

As to the measure of damages, The Code provides:

1st. If the party does not transmit the record within the time required by law.

2nd. And prosecute the said appeal with effect, which means to a reversal of the judgment.

3rd. And also pay to the party in case the said judgment shall be affirmed, the debt, damages, &c.

The payment of the judgment *debt* seems dependent upon the fact of the affirmance of the judgment.

Where there is a dismissal of the appeal without affirmance of the judgment, the bond stands as indemnity for

any and every loss which has accrued to the appellee by reason of the appeal—and the delay consequent thereupon—*Jenkins vs. Hay*, 28 *Md.*, 547.

The demurrer ought to have been sustained:

1st. Because of the error in the name. *The Baltimore Cemetery Co. vs. The First Independent Church of Baltimore*, 13 *Md.*, 117.

2nd. There was no averment in the *nar.* that the bond had been approved.

3rd. There was no averment in the *nar.* that the defendant was a corporate body.

It was claimed below, that the proceedings taken were in virtue of the Act of 1864, chap. 6. But an appeal bond, not being a bond for the payment of money absolutely—but upon certain conditions, presents a case of unliquidated damages. A party recovers upon the *breaches of the conditions*, and his proof goes to that point—the bond is not *per se* evidence of indebtedness—and it is only to bonds and notes, &c., which are evidences of debt, that the Act of 1864, in its 8th sec. applies. *State vs. Steibel*, 31 *Md.*, 34; *Eakle vs. Smith*, 27 *Md.*, 481.

Furthermore the plea in the case was filed at the earliest possible moment. The defendants had the right to raise an issue of law by demurrer, and had to wait until the same was disposed of. When the demurrer was decided—forthwith the plea was entered.

In the language of Judge MILLER, in 28 *Md.*, 559, the whole proceeding seemed to be "a mere burlesque of justice."

*Fielder C. Slingluff*, for the appellees.

The ground of refusal of all the motions subsequent to the default, was the default under the Act of 1864, ch. 6.

The action in this case was to recover damages for breach of the condition of an appeal bond. The measure of damages was the judgment from which the appeal was taken,

and certainly the best evidence, and the only evidence, of the amount of the judgment was the judgment itself. 1 *Greenl. on Ev. Part* 3, *p.* 620, *sec.* 502.

The present bond, is in the language prescribed in the Code of General Laws, Art. 5, Sec. 30. The condition of the bond is such that if the appellant shall not cause a transcript of judgment, &c.,  *  *  *  to be transmitted to the next Court of Appeals within the time required by law, &c.  *  *  *  and pay to the said John Whittington and Elijah Carson, the appellees,  *  *  *  as well the damages and costs adjudged in the Superior Court, as, &c.

If the non-payment of the judgment was the breach complained of, the only possible measure of damages must be the amount of the judgment.

The 32 sec. of Art. 5 of the Code, as amended by the Act of 1864, ch. 322, forbids the clerks of the Courts from approving appeal bonds, unless the person against whom a judgment has been recovered, shall upon praying such appeal, file in the case an affidavit, that said appeal is not taken for delay.

The appellants now come into Court, and ask to be relieved from the legal effect of the bond, because as they assert, they failed to comply with the law when they took the appeal and gave the bond, and because the clerk of the Superior Court approved said bond unlawfully. This may be a question between the appellants and the clerk, if he really did approve the bond without requiring the affidavit to be made, but as the bond was approved by the clerk, and the position and rights, and remedy of the appellees, charged thereby, the appellants are estopped from coming into Court and asking relief from the consequences of their own wrong.

" The condition of a bond was that the principal obligor, shall, well and faithfully execute his office as collector of the State Tax of Calvert County in District No. 2. Held,

that this estopped the parties to the bond, from denying that the principal obligor had been appointed tax collector." *Billingsley, et al. vs. The State,* 14 *Md.,* 369 ; *Milburn vs. The State,* 1 *Md.,* 12. Are not the appellants in this case estopped, upon the same principle, from denying that the clerk performed his duty in the premises, or that they performed theirs?

The tax collector in the two cases just recited, may never have been appointed tax collector—But that fact was not a matter of enquiry by the Court.

ALVEY, J., delivered the opinion of the Court.

This was an action on an appeal bond. The declaration is in the usual form, assigning the breaches of the condition of the bond. The bond was conditioned for the due transmission of a transcript of the record of the judgment appealed from to the Court of Appeals, within the time prescribed by law ; the prosecution of the appeal with effect, and the payment to the plaintiffs in the judgment the amount thereof, "*in case the said judgment should be affirmed*" by the Court of Appeals.

The breaches assigned were, that the defendants in the judgment never did cause a transcript of the record to be transmitted to the Court of Appeals, and did not prosecute their appeal with effect, but dismissed the same ; and that they have not paid and satisfied the judgment recovered against them. In the declaration, profert was made of the bond, and, upon craving of oyer by the defendants, the bond was spread upon the record, and thus became part of the declaration. *Step. on Pl.,* 71. To this declaration the defendants demurred.

The grounds of the demurrer appeared to be, 1st, a supposed mistake or variance in the name of the corporation or association ; 2nd, the failure to aver that the association was an incorporated body ; and, 3rd, the omission to aver that the bond had been duly approved

according to law. The demurrer was overruled by the Court below, and we think properly.

As to the supposed mistake or variance in the name, the record discloses nothing within the scope of the demurrer from which it could be determined that the real name is different from that used in the bond and declaration. It is not shewn under what law or authority the association was incorporated, and we are not to assume that it has a different name from that by which it was sued, and which it has fully recognized as correct, by the recitals and description of itself, in the bond sued on in this action. It is estopped by such recitals and description of itself from alleging its name to be different from that given. *Lloyd vs. Burgess,* 4 *Gill,* 187; *Hardy vs. Coe,* 5 *Gill,* 189. And as the bond, by the profert and oyer, was made part of the declaration, the defendants are equally concluded as to the second ground of demurrer; that is, as to the failure to aver that the association was an incorporated body; for the bond professes, in terms, to be a corporate act of the association, and is executed under its corporate seal. And as to the last ground of demurrer, that of the omission to aver that the bond had been duly approved, we must, in determining this question on the demurrer, presume that the bond was legally approved. It was certainly executed and filed by the defendants, and though approval was essential to give the bond operation and effect as a stay of execution on the judgment, yet it is but rational to presume that it was approved before it was filed, as otherwise the filing would have been a nugatory act. At any rate, we do not think it necessary to the sufficiency of the declaration that it should contain an express affirmative averment of the approval of the bond. If the bond has not been legally approved, that may be availed of by way of defence. *Milburn vs. The State,* 1 *Md.,* 1, 15.

The Court below having overruled the demurrer and given judgment of *respondeat ouster,* the defendant ten-

dered and filed a plea in bar, verified by affidavit, as required by the practice Act of 1864, chapter 6; and, on the same day, upon motion of the plaintiffs, and notwithstanding the plea filed, judgment was rendered by default, and thereupon an inquisition was forthwith taken by jury. A motion in arrest of judgment was made, founded upon the alleged irregularities of the proceeding. This motion was overruled, and final judgment entered on the inquisition. At the taking of the inquisition, the defendants offered prayers for instruction to the jury, which were refused, and the refusal of these prayers formed the subject of a bill of exception, to be found in the record.

The judgment by default *non obstante* the plea, seems to have been entered upon the supposition that the defendants had lost their opportunity to plead, by allowing the rule day, under the Act of 1864, ch. 6, to pass before the plea was filed. This renders it necessary that we determine whether the Act of 1864 properly applies to the case; for if not, there was error committed in entering the judgment by default, when there was a plea in bar on file in the cause, of which no disposition had been made.

The Act of 1864, ch. 6, was intended to expedite the recovery of judgments in the Courts in the city of Baltimore in certain cases, and, by its terms, is applicable to suits where the cause of action is a contract, either express or implied, and where the plaintiff shall file with his declaration an affidavit, stating the *true amount* that the defendant is indebted to him, over and above all discounts, and also file the bond, bill of exchange, promissory note, or other writing or account by which the defendant is so indebted. The plaintiffs in this case filed with their declaration an affidavit, stating the amount claimed to be due on the appeal bond, and assumed the bond to be liable for the sum recovered by the judgment recited therein, with interest and costs.

The cause of action, to be within the reason and purview of the Act, must be of a character to afford of itself

a certain measure or standard for determining the amount recoverable, for otherwise the *true amount* of indebtedness could not be averred or verified by the affidavit. Hence bonds, with collateral conditions, not for the payment of any certain sum of money, and where the recovery thereon must be as for unliquidated damages, will not constitute a cause of action within the statute referred to. This is the rule as applied to proceedings under the attachment law, and the same construction has been adopted in reference to actions under the Act of 1864, the language of the latter Act being substantially the same as that of the attachment law. *State, use of Bouldin, vs. Steibel,* 31 *Md.,* 34.

The question then is, whether the sum recoverable on the appeal bond, under the facts disclosed in this case, is of such certain liquidated nature as enabled the plaintiffs to make their affidavit of the *true amount* of the indebtedness sued for. This can only be determined by the terms of the condition of the bond, the contract of the parties. The appeal was not prosecuted with effect, but was dismissed by the appellants, as shown by the declaration. The conditions of the bond were, as before stated, that a transcript of the record should be transmitted to the Court of Appeals within the time prescribed by law; that the appeal should be prosecuted with effect, and that the appellants should satisfy and pay the judgment appealed from, *in case that judgment should be affirmed.* It was then only in case of the affirmance of the judgment by the Court of Appeals, that such judgment would evidence the true amount, as an ascertained sum, for which recovery could be had on the appeal bond. If the appeal had been prosecuted and the judgment affirmed, there could be no doubt of the right of the plaintiffs in the judgment, in an action on the appeal bond, to recover as liquidated damages, the amount of the judgment, with interest and costs. That, by the terms of the contract, was the amount stipulated to be paid in the event of the affirmance of the judg-

Keen, *et al. vs.* Whittington & Co.

ment. But where, as in this case, the appeal has not been prosecuted, and, consequently, the judgment has never been affirmed, the rule of damages and the extent of recovery would depend upon the loss and injury sustained by reason of the stay of execution on the judgment appealed from. It is therefore only in the event of the affirmance of the judgment, where the appeal is taken from a judgment *in personam,* and not *in rem,* like the cases of *Wood vs. Fulton,* 2 *H. & G.,* 78, and *Jenkins vs. Hay,* 28 *Md.,* 547, that the appeal bond, in the form of the one before us, would afford a cause of action for a liquidated or ascertained sum, such as a party could verify in his affidavit; and as no affidavit for any fixed or definite sum could properly be made in this case, with reference to the bond sued on, it follows that the action was not within the provisions of the Act of 1864, ch. 6.

It results from this conclusion that there was error in entering the judgment by default and taking the inquisition under the statute; and that, therefore, the judgment must be reversed, and a new trial awarded.

*Judgment reversed, and new trial awarded.*

(Decided 24th June, 1874.)