# THE COMMONWEALTH OF PENNSYLVANIA, FOR THE USE OF JOHN WILSON BROWN, JR.,

## vs.

# THE FIDELITY & DEPOSIT COMPANY OF MARYLAND.

*Appeal Bond—Measure of Damages—Burden of Proof—Foreign Law—Review on Appeal.*

The condition of an appeal bond is not binding in so far as it exceeds the requirement of the statute in regard to such bonds.　　　　　　　　　　　　　　　　　　　　p. 32

In the absence of proof of the law of another state, it will be presumed to be the same as the law of this State, in any controversy in the courts of this State involving the construction of a contract made in such other state.　　　　p. 34

The proper measure of damages on an appeal bond is any loss that may have been suffered by the appellee, within the condition of the bond, occurring pending the appeal and reasonably growing out of the same; in other words, losses occurring by reason of the delay.　　　　　　　　　　　p. 34

In determining the amount of damages on an appeal bond, it is improper to allow for depreciation in the value of property which occurred before the date of the appeal.　　　p. 34

When the decree is *in rem,* the obligors on the appeal bond are not bound on affirmance to pay the debt.　　　　　p. 34

In an action on an appeal bond, the burden is on plaintiff to show that he was injured by the delay growing out of the appeal, and the amount of such injury.　　　　　　　p. 34

On an appeal by plaintiff from a judgment for part of his claim, the refusal of a prayer asking an instructed verdict for defendant, offered at the close of all the testimony, will not be passed upon, in the absence of any cross-appeal by defendant, who appears to have acquiesced in the judgment.　　　p. 34

*Decided March 15th, 1923.*

Appeal from the Baltimore City Court (AMBLER, J.).

Action by the Commonwealth of Pennsylvania, for the use of John Wilson Brown, Jr., against The Fidelity and Deposit Company of Maryland, as surety on certain appeal bonds. From a judgment for plaintiff for part of his claim, he appeals. Affirmed.

The plaintiff's prayers were as follows:

*First Prayer.*—That the evidence in this case is sufficient, under the proceedings, to entitle the plaintiff to recover from the defendant the amount of the decree entered July 3, 1914, by the Court of Common Pleas No. 3 of the County of Philadelphia, State of Pennsylvania, against Sarah J. McCullough and Martha E. Taylor, and affirmed with modifications by the decree entered May 14, 1915, by the Superior Court of Pennsylvania; and the verdict must accordingly be for the plaintiff in the sum of $2,012.74, with interest thereon from May 11, 1911, until the date of judgment entered by this honorable court.    (Rejected.)

*Second Prayer.*—That even if he rule that such amount as the plaintiff may be entitled to recover from the defendant in this suit is limited to the value of the right and interest of Sarah J. McCullough and Martha E. Taylor in and to the property in controversy in the litigation in Pennsylvania; then the value of the right, title and interest of Sarah J. McCullough and Martha E. Taylor in and to the property in controversy in the litigation in Pennsylvania is to be taken as of the date when the liens to which the plaintiff was subrogated attached to the property, and before the execution of the mortgage to the Manayunk National Bank; and since it appears from the undisputed testimony that the value of the interests of Sarah J. McCullough and Martha E. Taylor as of the date when said liens to which the plaintiff was subrogated attached to said property was equal to or more than the amount decreed in favor of the plaintiff, the verdict must be for the plaintiff for $2,012.74, with interest from May 11, 1911, to date of the judgment of this court.

*Third Prayer.*—That even though he rule such amount as the plaintiff may be entitled to recover from the defendant in this suit be limited to the value of the right and interest of Sarah J. McCullough and Martha E. Taylor in and to the property in controversy in the litigation in Pennsylvania (to which such ruling the plaintiff respectfully excepts), the burden is upon the defendant to prove by a preponderance of the evidence that the aggregate value of said right and interest is less than the amount decreed by the Superior Court of Pennsylvania to be paid thereout, with interest from May 11, 1911; and since there is no evidence that the aggregate value of said right and interest as at the date said decree took effect is less than said amount, the verdict must be for the plaintiff for the whole of said amount.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*J. Wallace Bryan* and *John Wilson Brown, III,* for the appellant.

*Washington Bowie, Jr.,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

James A. McCullough, Sarah J. McCullough, and Martha E. Taylor were tenants in common of certain real property in Philadelphia prior to May 11, 1911. John Wilson Brown, Jr., the appellant, was a judgment creditor of the said James A. McCullough, whose interest in said property was conveyed to one Samuel Dotlow. The property was subject to certain liens for taxes and other public charges levied by the City of Philadelphia, which were paid in full out of the proceeds of sale of Dotlow's interest under an execution issued on Brown's judgment, and thus the entire amount of these liens were paid by Brown, who filed a bill in the Court of Common Pleas No. 3 of the County of Philadelphia on May 13, 1911, claiming the right to be subrogated to the

city's claims and liens to the extent of the amount that should have been contributed thereto by the said Sarah J. McCullough and Martha E. Taylor. On July 3, 1914, the Philadelphia court entered a decree *in personam* against each of the defendants in favor of Brown for the sum of $1,006.37 and interest from May 13th, 1911, the date of the distribution by the sheriff of Philadelphia County of the fund realized by the sale of the one-third interest of Samuel Dotlow in said property; and also *in rem* against the respective interests of said defendants for $1,006.37 each, with interest as aforesaid. From this decree an appeal was taken to the Superior Court, and the appeal bonds filed on that appeal by each of the defendants were the subjects of the suit in the present case, appellee being the surety on each of said bonds.

The condition of each was,

"that if the said appellant shall prosecute the appeal with effect and shall pay the amount finally adjudged to be due upon such order, judgment or decree, including interest and costs, and shall pay all costs and damages awarded by the Appellate Court, or legally chargeable against said appellant, and shall pay all damages for injuries suffered by appellees from the time of the decree entered and all mesne profits accruing after judgment, if any, then the above obligation to be void, or else to remain in full force and virtue."

This condition is not binding in so far as it exceeds the requirement of the Pennsylvania statute (Act of May 19th, 1897, P. L. 67), section 6 of which is as follows:

"An appeal from an order, judgment or decree directing the payment of money shall operate as a supersedeas if the appellant give bond with sufficient surety or sureties in double the amount of said judgment, order or decree, and all costs accrued or likely to accrue, conditioned that the appeal be prosecuted with effect, and that the appellant will pay all costs and damages awarded by the Appellate Court or legally chargeable against him."

The Superior Court reversed the Court of Common Pleas as to the decree *in personam* against the defendants, holding that it had no power to enter such a decree; confirmed the decree against the property, and required appellee to pay the costs of the appeal. Whereupon suit was brought in the Baltimore City Court by The Commonwealth of Pennsylvania for the use of John Wilson Brown, Jr., against The Fidelity and Deposit Company of Maryland, the surety on said bonds.

Several questions of interest and importance were ably discussed by counsel on both sides, but only one is involved in the single bill of exception appearing in the record. This exception is to the refusal by the trial court of plaintiff's three prayers.

The *Reporter* is requested to set out these prayers in his report of the case.

Each of these prayers asks for an instructed verdict in favor of the plaintiff for the full amounts of the decrees *in rem,* with interest from May 11, 1911. We find no error in their rejection by the trial court. We are referred to no decision of the Supreme Court of Pennsylvania, and have found none, holding that in a suit on such a bond the measure of damages is the amount of the judgment or decree entered by the appellate court.

Plaintiff's first prayer was based on this theory. Appellant relies upon the case of *Commonwealth* v. *Harvey,* 51 P. L. J. 380 (cited in *Pepper & Lewis' Digest,* 1910 Ed., vol. 1, p. 307, sec. 34), in which it is said, in reference to this act, "The word 'damages' includes the debt and every other liquidated sum which by judgment or decree of the Supreme Court is awarded against the appellant."

But whatever may have been the application of the statute made to the facts of that case, it is not a decision of an appellate court, and does not fix the law of Pennsylvania, and the record does not show that any evidence was offered as to

what the law of Pennsylvania is on this point. See *Peter* v. *Peter,* 136 Md. 157.

In the absence of proof of the law of another state, it will be presumed to be the same as the law of this State, in any controversy in the courts of this State involving the construction of a contract made in such other state.

The law of Maryland is well established as to the proper measure of damages. It is any loss that may have been suffered by the appellee, within the condition of the bond, occurring pending the appeal and reasonably growing out of the same; in other words, losses occurring by reason of the delay.

It was distinctly held in *Jenkins* v. *Hay,* 28 Md. 547, at p. 562, that when the decree is *in rem* the obligors are not bound on affirmance to pay the debt. See also *Keen* v. *Whittington,* 40 Md. 489; *Woods* v. *Fulton,* 2 H. & G. 71.

Plaintiff's second prayer clearly violates the Maryland rule by allowing recovery for depreciation in value prior to the date of the appeal.

His third prayer erroneously puts the burden of proof upon the defendant to show that the aggregate value of the right and interest of Miss McCullough and Miss Taylor in said property is less than the amount decreed to be paid thereon. The burden was upon the plaintiff to show that he was injured by the delay growing out of the appeal and the amount of such injury.

Appellee urges a reversal without a new trial on the ground that the learned judge below erred in refusing to grant its prayer for an instructed verdict in favor of the defendant.

It does not clearly appear from the record that this prayer was reoffered at the conclusion of all the testimony. Assuming, however, that it was, there was no cross-appeal by the defendant, which appears to have acquiesced in the judgment of the court. It is therefore unnecessary to pass on the refusal of the trial court to grant this prayer.

*Judgment affirmed, with costs to appellee.*