## KAPNECK *v.* KAPNECK

[No. 401, September Term, 1963.]

*Decided June 26, 1964.*

The cause was argued before HENDERSON, HAMMOND, PRES-COTT, HORNEY and MARBURY, JJ.

*Louis B. Arnold* and *Charles D. Sanger, Jr.,* for appellant.

*Barnard T. Welsh,* with whom were *Elizabeth Tinnery* and *John Alexander* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

In this divorce case the Chancellor found the husband guilty of adultery and awarded a divorce a vinculo to the wife, and the custody of two children, aged six and seven. The only questions raised on appeal concern the amount of alimony and support and the amount of counsel fee. The Chancellor awarded $1,250 a month, apportioned at $250 per month to the wife and $500 a month each to the children. The counsel fee allowed to the wife's solicitors was $7,500, over and above a fee of $2,000 they had already received from other sources.

The appellant is an appliance salesman employed by a corporation owned or controlled by his father. It appears that the parents of both the parties are well to do, and the husband's father appeared to be unusually lavish in his contributions to his son, a generosity that seems to have abated to some extent because of the son's conduct. Prior to the marital rift, the son received a salary of $2,000 gross per month. Since July, 1963, he has received $1,000 per month. The auditor for the corporation testified that he was instructed by the president (the father) to cut the salary of the son (the vice-president) because "he wasn't working as much because of all this disturbance," and that certain loans and advances made by the corporation were repaid by the son, amounting to some $30,000. It appeared that the corporation had a "net profit before payment of salaries" of only $70,000, although the gross business of the company was about $1,000,000 a year. At the time of trial the husband had a net worth of about $62,000, and an income, from all sources, before taxes, of $1,163.60 per month. The home was jointly owned. The wife took the furniture.

We think the award was excessive. The Chancellor obviously based it upon the sums spent prior to the separation, even though it is clear that these were not earned, at least to the extent that they represented gifts or indulgences from the father

which the father was not bound to continue. The situation is not unlike that in *Newmeyer v. Newmeyer,* 216 Md. 431, where the wife claimed, without success, that the reduction of her husband's income (he was employed by his mother) was for purposes of the litigation only. We reduced the award with the statement that if the husband were reemployed or his income increased for any other reason, the matter might be brought up on petition for increase. We find nothing to the contrary in *Fairbank v. Fairbank,* 169 Md. 212, 218, relied on by the appellee, which is distinguishable upon its facts. It is also clear from *Newmeyer* that the test is the income at the time of trial, not at some prior date. See *Lewis v. Lewis,* 219 Md. 313, 318, and cases cited. We also think the award of $500 a month each for the two minor children was far beyond any needs shown by the record.

After a careful study of the record we are constrained to reduce the award to $500 per month for the wife and $100 per month for each child, or a total of $700 per month instead of $1,250. We shall also reduce the counsel fee allowed the wife's solicitors from $7,500 to $3,000.

> *Decree modified, and as modified affirmed, costs to be paid by the appellant.*