# HALL *v.* HALL

[No. 188, September Term, 1964.]

*Decided March 31, 1965.*

The cause was argued before PRESCOTT, C. J., and HAMMOND, MARBURY and SYBERT, JJ., and POWERS, J., Associate Judge of the Seventh Judicial Circuit, specially assigned.

*Stanley M. Dietz* for appellant.

*Stanford H. Franklin,* with whom were *Mandel & Franklin* and *William O. Goldstein* on the brief, for appellee.

POWERS, J., by special assignment, delivered the opinion of the Court.

This case provides a variation on the discordant matrimonial theme so often before this Court, in that the separation of the couple occurred some five thousand miles from Maryland in the now 50th State of Hawaii. The husband left the marital

abode on August 12, 1958, during an argument and moved to other quarters, and neither has since made any effort to reconcile.

On the same day he signed and filed a complaint against the wife for "separate maintenance" on the ground that she inflicted on him "* * * grievous mental suffering continued over a course of more than sixty days, which has rendered the life of Plaintiff burdensome and intolerable and their further living together insupportable."

The wife filed a cross-bill in that suit and a decree was passed by the Circuit Court, First Judicial Circuit, Territory of Hawaii, in favor of the wife, permitting her to live separate and apart from the husband for a period of not more than two years, granting her custody of their eighteen year old daughter, awarding $400.00 a month for her support and $100.00 a month for the support of the daughter, since emancipated. The decree also divided certain personal property and awarded counsel fees.

The case now before us on appeal began with the filing by the husband, now a resident of Maryland, of a bill of complaint for an absolute divorce on the ground of constructive desertion by the wife. A cross-bill was filed by the wife in which she asked for an absolute divorce from the husband claiming that he deserted her without cause. Both complaints were based on the separation in Hawaii.

After hearing testimony from both sides, the chancellor took the matter under advisement, and later suggested to counsel that the evidence did not support a divorce on the ground of either desertion or constructive desertion but would support a bill for voluntary separation. Over objection by wife's counsel, the husband obtained leave and filed a supplemental bill on the ground of voluntary separation. The wife's answer denied the voluntary separation and it was apparently agreed that the testimony already taken would be considered by the court in support of the supplemental bill. A decree of absolute divorce on the ground of voluntary separation was passed, the wife was awarded $300.00 a month alimony and her counsel allowed a fee of $1500.00.

This disposition satisfied neither party and both appealed. The wife argues that the husband should not have been granted

a divorce on the ground of voluntary separation but she should have been awarded a divorce on the ground of his desertion. She further contends that full faith and credit should be given the Hawaiian decree both as to a finding of culpability on the part of the husband which would negative a subsequent claim of a voluntary separation, and to the award of $400.00 a month. At the same time she urges that conditions have changed and that she should be entitled to more than $400.00 a month for support.

The husband, on the other hand, contends that the divorce should have been granted to him on the ground of constructive desertion by the wife which would result in her not being entitled to any support. He further does not accede to the amount allowed to the wife's counsel.

Since we must give full faith and credit to the decree of the Hawaiian Court, under Title 28, §1738, U.S.C.A.,[1] our consid-

---

1. That one state must give, to the judicial proceedings of another, "full faith and credit," is, of course, the command of Art. IV, Sec. 1 of the federal Constitution. Congress' power to legislate what effect must be given to the judicial proceedings of courts of the United States (included within this definition are territorial courts of the various territories of the United States created by Congress as "legislative courts" under Art. 1, Sec. 8, and Art. IV, Sec. 3, of the Constitution, as well as "constitutional courts," created under the judiciary article of the federal Constitution), is derived from other provisions of the Constitution, namely those which declare the extent of the federal judicial power, which authorize all legislation necessary and proper for carrying out the powers of the federal government, and which declare the supremacy of the national government.

By the supremacy clause alone, there can be little doubt that the judicial proceedings of those federal courts, set up under the judiciary article of the Constitution (so-called "constitutional courts"), are entitled to "full faith and credit." The present section 1738, which is directly traceable to a federal statute first passed in 1804 (2 Stat. at Large 298, March 27, 1804), is Congress' command that the judicial proceedings of its territorial courts (so-called "legislative courts") be given "full faith and credit." This section has been approved by the Supreme Court in Embry v. Palmer, 107 U. S. 3, 9, 27 L. Ed. 346 (1883); Atchison, Topeka & Santa Fe Ry v. Sowers, 213 U. S. 55, 53 L. Ed. 695 (1909); and Alaska Packers Assn. v. Comm'n., 294 U. S. 532, 546, 79 L. Ed. 1044 (1935). The

eration of the question of the correctness of the chancellor's finding that the parties voluntarily agreed to separate, first leads to an examination of what the record in the earlier case reflects. Under the Uniform Judicial Notice of Foreign Law Act in effect in this State since 1939, reasonable notice of intent to offer evidence of the law in a territory of the United States must be given. Code 1957, Article 35, § 47 et seq. In the absence of proof of the law of another jurisdiction it is presumed to be the same as the law of this State. *Brown v. Fidelity & Dep. Co.*, 143 Md. 29, 121 Atl. 920 (1923). No notice of intention to rely on the law of the then Territory of Hawaii was given by either party to the other.

Alimony may be granted in this State if the wife is entitled to a divorce. *Wald v. Wald*, 161 Md. 493, 502, 159 Atl. 97 (1931), and many cases there cited. We conclude that the Hawaiian Court found that the separation occurring on August 12, 1958, involved culpability on the part of the husband, thus negativing the existence of voluntary separation. Moreover, the allegations in the bill of complaint filed by the husband in that court do not suggest even a hint that there was a voluntary agreement to separate. Because of the requirement to give full faith and credit to the Hawaiian decree, implicit in which is that the wife had grounds for divorce, we find that a voluntary separation did not occur in August of 1958.

Since in this State other grounds than desertion exist, we cannot properly find, in the absence of proof, that the wife was granted the Hawaiian decree for separate maintenance on the basis of her husband's desertion.[2]

---

section has been applied in Perkins v. Benguet Consol. Mining Co. (Calif. 1942), 132 P. 2d 70, *cert. den.* 319 U. S. 774, 87 L. Ed. 1721, and in Butler v. Butler, 40 N. Y. S. 2d 353 (1943). In the last case cited, a divorce decree of the Territory of Hawaii was also involved.

2. This would do no violence to the rights of the parties if Hawaiian law were applied, a wife there being entitled to separate maintenance, for any cause for which an absolute divorce may be granted. §324-20 of Title 33, Revised Laws of Hawaii, 1955, in addition to desertion, allows, as grounds for divorce, adultery, sentence to imprisonment, insanity, contracting Hansen's disease, extreme cruelty, habitual drunkenness, inflicting mental suffering and non-support.

Lacking proof as to the nature of the culpability of the husband we are unable to say that the wife should have been granted a divorce specifically on the ground of the husband's desertion. This circumstance makes it necessary to remand the case for further proceedings on the sole question of the wife's cross-bill for an absolute divorce on the ground of desertion.

The decree of the Hawaiian Court, which stated that the allegations of the wife's cross-bill were sustained, also leads us inescapably to the conclusion that the husband was not legally justified in leaving the wife.

Having found that the separation was not voluntary, that the wife did not constructively desert the husband, that the wife was entitled to a divorce under Hawaiian law, and would be entitled to a divorce in Maryland on the ground of desertion if her bill of complaint filed in the Hawaiian case (which was not in the record before us) alleged desertion by her husband, the wife is entitled to support, thus we reach the question of the proper amount:

> "Our inquiry is not directed to a review of the original award, but is solely concerned with any difference between the present circumstances of the parties and those which existed when the decree for alimony was passed." *Langrall v. Langrall,* 145 Md. 340, 345, 125 Atl. 695 (1924).

We find that the emancipation of the daughter, the passage of six years, the wife's change in residence from Hawaii to Washington, D. C., her having been employed occasionally since the separation, and the husband's present residence in Maryland, constitute sufficient material changes in the circumstances which existed at the time of the original award to justify, if otherwise appropriate, the modification of the effect of the original decree.

Apposite language is found in *McCaddin v. McCaddin,* 116 Md. 567, 572, 82 Atl. 554 (1911), one of a considerable number of cases reaching the same conclusion:

> "* * * although this Court has the power to review the amount fixed by the lower Court * * *, it should not disturb the large discretion vested in the chan-

cellor unless it is thoroughly satisfied that there has been error in respect to the amount named."

The allowance by the chancellor to the wife of $300.00 a month, being approximately one-third of the husband's net income, without proof that he has assets of any substantial value, is not clearly erroneous and accordingly, this finding will not be disturbed. Maryland Rule 886 a.

We have considered the allowance by the chancellor of a fee of $1500.00 to counsel for the wife, and his request for an allowance of $1000.00 for handling the appeal. Though the wife is a favored suitor and is entitled to have the husband pay her attorney, the amount of the payment must be within the means of the husband and not so high as to be oppressive. *Kapneck v. Kapneck,* 235 Md. 366, 201 A. 2d 798 (1964).

We believe that a total fee of $2500.00 for conducting the proceedings below and on appeal, to be paid by a man whose net income after payment for his wife's support is about $600.00 per month, is excessive, and that a total fee of $1000.00 for services rendered here and below is reasonable.

> *Decree for divorce is reversed, case is remanded for further proceedings on wife's cross-bill and otherwise for passage of a decree in accordance with this opinion. Costs to be paid by the appellee.*