KENNEDY *v.* KENNEDY

[No. 293, September Term, 1967.]

*Decided July 2, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, BARNES, McWILLIAMS, SINGLEY and SMITH, JJ.

*James W. Murphy* for appellant.

*James G. Beach, Jr.,* with whom was *Walter R. Tabler* on the brief, for appellee.

McWILLIAMS, J., delivered the opinion of the Court.

As this struggle drew to a close the trial judge made known his intention to allow wife's counsel a fee of $2500. A supplementary hearing, limited to a reconsideration of the amount of the fee, was held on 19 May 1967. The wife, having already paid counsel $3000, pressed for an allowance of $5500. The husband protested, claiming inability to pay $2500. The final decree, passed 3 days later, dismissed the husband's bill, divorced the wife a vinculo from the husband, awarded custody of the 3 children to the wife, directed the payment of $50 per week towards the support and maintenance of the children and allowed a counsel fee of $2500. The wife's cross-appeal is from the trial judge's refusal to allow $5500.

The husband is nearly 40 years old. He completed high school and attended college for a few years. He has no special skills. His annual income reached its highest level, $8300, in 1962

when he was a member of the Zoning Board of Baltimore City. In 1964 it dropped to $940, in 1965 it rose to $4477, and in 1966 it was down again to $1308. At the time of the hearing his "take home" pay was $78 per week. In 1957, upon the death of his mother, he came into the possession of an estate valued at $12,000 to $15,000. What remains, worth about $7500, is being held by banks as security for loans. His debts total more than $6000. His Volkswagen is unencumbered and he owns a watch that cost $75. The record before us indicates a net worth of not more than $3000 to $4000. He lives with a sister in Annapolis.

The trial judge, in a short informal opinion, gave the reason for his action. He said:

"Well, gentlemen, Mr. Kennedy may be as poor as a churchmouse, and if I am governed strictly by the law as laid down by the Court of Appeals, I am afraid Mr. Tabler [counsel for the wife] is in a real quandary, but when I take the physical facts of this case, the time which I know was devoted to the trial of it here in this court, of practically five full days, and I mean five full ones, one of which ran from 9:30 in the morning until 4 o'clock in the afternoon, and knowing what the daily rate is for counsel's appearance in court, I still feel that my $2500 figure is just, fair and equitable, and I am not going to reduce it.

"If it is going to go to the Court of Appeals, and if they adopt the same attitude they have in other cases, and in their wisdom reduce it, they are going to have to do it, gentlemen. I think it is proper for counsel to be paid a proper fee.

"I think over the time, Mr. Kennedy, with his good name, his ability, his knowledge, his education, his personality, can well get a better job than a laboring job, and while it is true that the Court of Appeals has said that is not the test, I would feel in this instance that to allow a fee commensurate with what his earnings are, at this point, would be an insult to the legal fraternity, and I mean it sincerely, gentlemen. I am going to make it $2500, and that is it."

It must not be supposed that by differing with the learned trial judge we intend an "insult to the legal fraternity" but it is a dismal fact, as he himself acknowledges, that our decisions do not support his action. In *Kapneck v. Kapneck,* 235 Md. 366, 201 A. 2d 798 (1964) the husband's monthly income at the time of trial was $1163.60. We reduced a $7500 counsel fee to $3000. In *Hall v. Hall,* 238 Md. 191, 197, 208 A. 2d 593 (1965), we said:

> "We believe that a total fee of $2500.00 for conducting the proceedings below and on appeal, to be paid by a man whose net income after payment for his wife's support is about $600.00 per month, is excessive, and that a total fee of $1000.00 for services rendered here and below is reasonable."

We approved an award of $500 in *Cupps v. Cupps,* 245 Md. 700, 227 A. 2d 225 (1967), where it appeared that the husband's salary was $9000 per annum and that he had no other income.

In *Newmeyer v. Newmeyer,* 216 Md. 431, 435, 140 A. 2d 892 (1958), where the husband had a gross investment income of $3200, was earning $2500 per annum and admitted a net worth of $59,000, we reduced the counsel fee from $2250 to $1500. Judge Hammond (now Chief Judge) said, for the Court:

> "The setting of a fee for the wife's lawyer involves difficulties comparable to those of setting a proper amount of alimony. The wife says that it was necessary for her counsel to do extensive work in ascertaining her husband's resources. The husband says that all the information was tendered to the wife so that most of the work was unnecessary. The case took three days to try. Our consideration of the husband's financial resources and the difficulties and time involved in the preparation and the trial of the case, compels the conclusion that the award below was larger than it should have been, and that a fee of $1,500 for services below and in this Court is adequate."

All things considered we think· the circumstances of this case, viewed in the light of our prior holdings, suggest a fee of $250.

The wife moved to dismiss the husband's appeal on the ground that "the content of the Record Extract does not comply with Maryland Rule 828 b." [1] The motion goes on to specify that "although the trial consumed four days the testimony * * * relating to * * * [the husband's] financial position has not been reproduced, nor filed with this Court." The husband, in reply to the motion says it "was not filed within the time required under Rule 836 c," [2] and that service on his counsel was

---

1. b. *Contents.*

"1. What to Be Included.

"The printed extract shall contain such parts of the record as may reasonably be necessary for the determination of the questions presented by the appeal, and shall include:

"(a) The judgment appealed from, together with the opinion or charge of the lower court, if any.

"(b) So much of the evidence, pleadings or other parts of the record as is material to any question the determination of which depends upon the sufficiency of the evidence, pleadings or other matter contained in the record to sustain any action, ruling, order or judgment of the lower court.

"(c) Such other parts of the record as may be designated by the parties pursuant to section c of this Rule.

"2. What to Be Excluded.

"The printed extract should not include those parts of the record which:

"(a) Support facts set forth in an agreed statement of facts pursuant to section g of this Rule; or

"(b) Are summarized in a stipulation pursuant to section g of this Rule."

2. c. *Time for Filing.*

"If the . motion is based upon subsections (1), (2), (3) or (4) of section b of Rule 835 (Dismissal of Appeal), the motion shall be filed within ten days from the date the record is filed with this Court, or within ten days from the date the record should have been filed with this Court pursuant to Rule 825 (Record—Time for Transmitting). If the motion is based upon subsection (5) or (6) of section b of Rule 835 (Dismissal of Appeal), the motion

not made as required by Rule 306 c 3. In respect of the latter there is attached to the "Request for Oral Argument" a certificate stating that "copies of the foregoing motion to dismiss, this request for oral argument and accompanying affidavit" had been mailed to the husband's counsel on 28 October 1967. As to the time of filing, the record shows the motion to dismiss was filed 30 October 1967 whereas the husband's brief and record extract were not filed until 19 December 1967. We have examined with care the record, the husband's record extract and the wife's appendix and we have concluded that the circumstances here present do not justify the granting of the motion to dismiss. There is enough before us, in the record extract as supplemented by the appendix, to say nothing of the record itself, to provide an adequate consideration of the contentions of the parties. Therefore we shall exercise our discretion and deny the motion to dismiss. *Brown v. Fraley,* 222 Md. 480, 483, 161 A. 2d 128 (1960).

Considering what has already been said one scarcely need add that the cross-appeal lacks merit.

> *Decree modified to reflect the views*
> *expressed in this opinion, and as*
> *modified, affirmed.*
> *Costs to be paid by the appellant.*

shall be filed within ten days from the date the appellant's brief is filed or should have been filed pursuant to Rule 830 (Filing of Briefs). If the motion is based upon subsection (7) of section b of Rule 835 (Dismissal of Appeal), the motion shall be filed within ten days from the date the record is filed with this Court, or within ten days after the case has become moot, whichever is later. The motion shall not be filed later than five days before the case is assigned for argument unless the motion is based on some cause arising after that time. This section shall not apply if the motion to dismiss is included in the appellee's brief pursuant to section d of this Rule."